UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| Daniel A. Frishberg, | **)** | |
| Plaintiff, | **)** | |
| v. | **)** | Case Number: 8:24-cv-00022-TPB-NHA |
|  | **)** | |
| University Of South Florida, Board Of Trustees, | **)** | |
| HRSE-Capstone Tampa, LLC, | **)** | |
| Defendants. | **)** | |
|  | **)** | |

# **PLAINTIFF'S *EX PARTE* MOTION TO ALLOW (i) ELECTRONIC SERVICE AND (ii) OTHER RELATED RELIEF**

Daniel A. Frishberg (a tenant at the University of South Florida's dorms), the Plaintiff ("Mr. Frishberg", "I"[1], "Plaintiff") respectfully files this motion[2] (the "Motion") to allow for electronic service of the Defendants, the University of South Florida Board of Trustee ("USF"), and HRSE-Capstone Tampa, LLC ("Capstone").

---

[1] And other versions of the first person.
[2] I'm sorry if it is weird that I change in and out of first/third person, all of the legal documents I have seen refer to the plaintiff in the third person, but sometimes I use first person.

## State Court Case

This case was originally filed[3] in the Hillsborough County Court[4]. It is Docket No. 23-CC-125805, and can be viewed at https://hover.hillsclerk.com. The Defendants responded, and filed a motion to dismiss at ECF Docket No. 11, and among other things argued that the wrong entity was sued, so I amended my complaint, at ECF Docket No. 13[5], and I also filed a time sensitive motion for an injunction at ECF Docket No. 12. The Defendants filed a motion to strike both my amended complaint, and my time sensitive motion for an injunction, in part because they alleged that the small claims court was the improper Court to bring the claim, and that the small claims court could not grant the relief I was seeking. So, out of an abundance of caution I am filing in this Court, which I believe is the proper Court to bring this claim in. Classes at USF resume on January 8th, and I need to regain access to my on campus housing by then[6] (or as close to then as possible), so there is no time to waste.

## Preliminary Statement

The US Legal system is quite hard for a lay person such as myself to understand, and I am doing, and will do my best, throughout this case. I request that the Court grant certain exceptions which should simplify this process for me, and should not materially prejudice any party. I am a *pro se* individual, so I request that This Court take that into consideration when considering this Motion, and the relief requested herein.

---

[3] The original complaint is largely irrelevant, and can be ignored, as it is superseded by the complaint filed at D.R. 1 (in this case). The only important parts of it are the exhibits, which are the contracts. It was also filed as a small claims court lawsuit, which I did not realize until after the Defendants mentioned it. I intended to file it in the County Court.
[4] The "County Court".
[5] The amended complaint is materially similar to this complaint.
[6] Otherwise permanent, irreparable harm will occur.

## **ARGUMENT**

Allowing me to serve the Defendants electronically (and receive electronic documents from the Defendants, as that is only fair), would significantly simplify matters, and should not prejudice anyone. To the contrary, it should be beneficial to all parties, since it will save the expense of printing out and mailing documents, streamline the process without a need for delay due to several day lag of delivery of documents, and will prevent unnecessary carbon emissions.

The Defendants have previously attempted to strike my filings due to a purported lack of proper service. The Defendants were served both through the E-Filing system, and via email (as well as the Sheriff's office initially). Printing out 50+ pages worth of documents, and mailing it to the Defendants will get costly quickly, and presents an undue burden to me (*See* Affidavit of Indigent Status on County Court Docket No. 6, and D.R. 2). I am a broke college student, and can submit further proof if needed.

Simplifying Case Management Procedures will only help streamline the process, and avoid unnecessary delays. My case should not be dismissed on a procedural hyper technicality. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) ("This policy of liberally construing pro se submissions is driven by the understanding that "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

As the Supreme Court of the United States said in *Haines v. Kerner*, "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 404 U.S. 519, 520-521 (1972), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Defendants seek to play games with hyper technicalities, while dancing around the key issue at hand. Not once did the Defendants deny any of my allegations, or even attempt to argue that what they did was not discrimination, and illegal. The Defendants tried to use extremely confusing procedures and rules to dismiss my case on a hyper technicality (suing USF instead of USF's board of trustees). Once I amended my complaint to address the issues they raised, the Defendants attempted to strike my amended complaint on more technicalities. This Court should waive "inappropriately stringent rules" to save time, streamline judicial efficiency, and "avoid[] unnecessary dismissals" *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

### **Sealing of Contact Information, Address and Other Sensitive Information**

This is an unusual request, but it is made for unusual reasons. I have been involved with the *Celsius Networks LLC, et. al.* Chapter 11 Bankruptcy (Case Number 22-10964 (MG)), and have been the target of numerous threats, including death threats because of it.

I will not go into much detail here, since I don't believe it is necessary, but the harassment/threats came from a group of people known as the "CEL Short Squeezers" who attempted to artificially inflate the price of Celsius's utility token (on the blockchain, it is basically a cryptocurrency which was able to be used for benefits directly from Celsius while it

was in operation) after the "Pause" which locked up over 95% of the tokens supply on Celsius's platform. Due to low trading volume, and market manipulation, they were able to increase the price of the token from approximately 10 cents, to over $5.00 at one point. I opposed them getting value from the estate due to their manipulation of the price of the CEL Token (which they claimed had a value of 81 cents as of the petition date).

The people making the threats, for lack of a better word, are crazy. They have a cult like mentality, and are still in denial over the fraud perpetrated by Celsius[7], and the alleged[8] fraud perpetrated by Alex Mashinsky (former CEO).

Some of the threats include statements such as "motherf[***]ers will hunt you down Mr. Frishberg" (*See* https://x.com/camcrews/status/1633493598275608578?s=20), saying that unspecified people will tie an anchor to me and throw me overboard a boat.

There were also threats made against a larger unspecified group of people. A excerpt[9] from the Celsius Confirmation Plan hearings is below:

"Q Celsius Exhibit 94 is a Tweet you wrote on February 21, 2023, correct?
A Correct.

---

[7] Celsius has admitted guilt to massive amounts of fraud, and agreed to "pay" a (subordinated) fine of over $4 billion dollars.
[8] This word is used solely because he has not been found guilty by a court yet, his trial is scheduled for September of 2024, and he has been indicted by the DOJ/SEC, and sued by the SEC, FTC, and CFTC
[9] Page 989 of the PDF
https://cases.stretto.com/public/x191/11749/PLEADINGS/1174910242380000000017.pdf. The person being cross examined is Mr. Davis, the same one who stated that I will be hunted down.

MR. MCCARRICK: And, Your Honor, just for your reference, that's going to be Tab 5. Oh, no, I'm sorry, it's not Tab 5 in the binder. We'll have to wait for Mr. Lopez.

THE COURT: Okay.

BY MR. MCCARRICK:

Q Let me ask you just if you recall it. Do you recall making the following post: the days are coming when we CEL token holders will lift you up out of the water with butcher hooks and the rest of you with fish hooks and then burn your tabernacle to the ground for your error towards us CEL token holders. Do you remember issuing that tweet?

A It's part of a Bible quote. I remember it."

On page 995 and 996 of the PDF, I asked Mr. Davis about the threat he made to me, and the Judge commented on it:

"THE COURT: Mr. Frishberg, let me just say this. **There have been, in my view, inappropriate things that have been said, directed at creditors,** directed at the creditors' committee counsel, directed at the Court, directed at the debtor's counsel. **On several occasions I've contacted the U.S. marshals or the U.S. trustee to report episodes. I think at this stage, and I know it occurred.** I think it's unfortunate. I think feelings were very high. People lost a lot of money. People felt deceived. And it can't excuse what I perceive to be serious, inappropriate behavior in connection with a bankruptcy case." (emphasis added).

In the Celsius case, contact information, and addresses were redacted. The same should apply to me here, as I do not want people who made threats to me to have my contact information, or show up at my house looking for me.

Sealing my financial information filed via the affidavit of indigent status would also be good, and I request that as well.

## Requested Relief

1. An order allowing Mr. Frishberg to serve the Defendants electronically via email[10].
2. An order simplifying Case Management Procedures under Local Rule 3.02(1).
3. An order sealing Mr. Frishberg's address, contact information and financial information filed via the affidavit of indigent status.
4. Any other relief this Court seems fit to grant.

## REQUEST FOR *PRO SE* RELIEF

I incorporate by reference my previously requested *Pro Se* relief as if fully set forth herein.

## Conclusion

The Defendants are represented by sophisticated counsel, and I have not even attended law school, let alone passed the bar, or become an attorney. I am one person, and am doing the best I can. The Defendants' counsel has both the experience, and the resources to deal with the

---

[10] For USF, their counsel's email, and for Capstone, at CMPInfo@capstonemail.com, rbbrown@capstonemail.com or whatever other email they would like me to use.

complicated procedures, and mailing of documents, I do not. The Defendants would not be prejudiced in any real, material way by granting my requested relief, nor would the public interest (for the sealing of parts of information) be harmed. For the aforementioned reasons, This Court should **GRANT** the Motion.

Respectfully Signed,

Daniel A. Frishberg. *Pro Se*.

/s/<u>*Daniel A. Frishberg*</u>

Santa Clara County, California

January 3rd, 2024,

*[Rest of the page is intentionally left blank.]*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 3rd day of January, 2024, I electronically filed the foregoing with the Clerk of the Court by using the online pro se portal. A copy of the foregoing was also served via electronic email upon the Defendants.

Respectfully Signed,

Daniel A. Frishberg. *Pro Se*.

/s/<u>Daniel A. Frishberg</u>

Santa Clara County, California

*[Rest of the page is intentionally left blank.]*