UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL A. FRISHBERG,

    Plaintiff,

v.                                                  Case No. 8:24-cv-22-TPB-NHA

UNIVERSITY OF SOUTH
FLORIDA'S BOARD OF TRUSTEES,
HRSE-CAPSTONE TAMPA, LLC,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on "Plaintiff's Emergency Motion for [an] Injunction, or in the Alternative, a Temporary Injunction/Restraining Order." (Doc. 4). On the basis of the verified complaint and the motion, the Court finds as follows:

### Background

Plaintiff Daniel A Frishberg, a student at USF, owns a cat which he alleges he uses as an emotional support animal. USF initially recognized the cat as an emotional support animal and allowed Plaintiff to have the cat in his dorm building. Defendant's policies, however, precluded Plaintiff from taking the cat out of his room. While Plaintiff's filings do not set forth a clear timeline of events, it appears that after Plaintiff allowed the cat outside of his room and into common areas of the dorm, Defendants imposed as a sanction a requirement that Plaintiff pay a fee and take educational courses on civility. When Plaintiff failed to comply and failed to

comply with a directive to remove the animal, Defendants terminated Plaintiff's lease for the room, changed the lock system so that Plaintiff no longer had access to the room, and removed his personal belongings. Plaintiff alleges that there is no comparable, adequate housing available for him, but he does not state where he is currently living.

Plaintiff contends that Defendants' refusal to accommodate his request to have his emotional support animal outside of his room and other actions – including their imposition of sanctions, termination of his rental agreement, and locking him out of his room – constitute discrimination and retaliation in violation of the federal Fair Housing Act as well as breaches of Defendants' duties under other statutes and common law principles.

On November 28, 2023, Plaintiff filed suit in small claims court in Hillsborough County making essentially the same allegations presented in this case. On December 19, 2023, Plaintiff filed an amended complaint in that case and a motion seeking essentially the same injunctive relief sought in the instant motion. The defendants in that case moved to strike the complaint and motion, arguing that the amended complaint was improperly filed without leave of court and that Plaintiff's claims could not properly be brought in small claims court.

That state court suit remains pending, but on January 3, 2024, Plaintiff brought this suit.[1] On January 8, 2024, Plaintiff also filed the instant motion seeking a preliminary injunction or temporary restraining order. Plaintiff filed the

---

[1] Plaintiff filed a motion to proceed *in forma pauperis*, which the Court granted. (Doc. 5).

motion as an "emergency" motion on the ground that the first business day on which his account was locked preventing him from registering for classes was January 8, 2024, and the last day to register is January 12, 2024.

## Legal Standard

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b). Under Rule 65(b)(1), a federal court may only issue a temporary restraining order without first giving notice to the enjoined parties if the movant provides:

> (A) specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). If the movant establishes that it is justified in seeking *ex parte* relief, it next bears the burden to establish that injunctive relief is appropriate by showing: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## Analysis

This Court finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate, but only to a very

limited extent. Specifically, the motion is granted to the extent that *Defendants are temporarily enjoined from issuing or enforcing holds on Plaintiff's academic records or preventing him from enrolling in or dropping classes, including remote or online classes, or from transferring out of USF to another educational institution.* The motion is otherwise denied.

In granting this *temporary* relief, the Court emphasizes the undersigned is currently presiding over a criminal jury trial involving very serious allegations and does not have time to hold a hearing to consider the merits of Plaintiff's claims in detail before expiration of the deadline for registering for classes. The Court has accepted Plaintiff's factual contentions as true, but it has not determined Plaintiff will in fact succeed on his claims, or that, as Plaintiff argues, he is "extremely" likely to succeed.

The Court assigns significant weight to the potential for irreparable harm to Plaintiff if he is precluded from registering for classes before the January 12 deadline, as alleged, so that he is unable to attend classes in person or remotely or seek transfer to other educational institutions. On the other hand, there appears to be only a minimal burden or potential harm to Defendants or to the public in allowing registration until such time as the Court can hear this matter after a response from Defendants. The Court will subject the merits of Plaintiff's claims to greater scrutiny at the time of the preliminary injunction hearing.

The Court's objective in granting this *temporary* relief is simply to preserve the status quo by allowing Plaintiff to register for classes before the expiration of

the registration deadline.  As to the other items of injunctive relief requested, Plaintiff has failed to sufficiently demonstrate the threat of irreparable harm much less irreparable harm that renders notice and a response by Defendants impractical.

The Court will not require a bond at this time because the record does not suggest that Defendants will suffer any injury in the short time frame between this Order and a preliminary injunction hearing, at which time the Court will revisit the issue of requiring a bond, as well as the other requirements for injunctive relief.

Finally, the Court notes that Plaintiff in his filings repeatedly asks the Court to take into account his *pro se* status and appears to suggest that the Court should not require him to comply with the various procedural rules that govern practice in the federal courts.  Plaintiff has chosen not only to file his case in federal court, but also has chosen to file a complaint that is 46 pages long, asserts 17 claims for relief, cites case law and statutes, and sets forth legal argument.  While much of this material is inappropriate in a complaint, it demonstrates a level of legal sophistication on the part of Plaintiff – or perhaps individuals assisting him.  Plaintiff should not assume that violations of court rules or other legal requirements will be overlooked.  Even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.  Litigation – particularly in federal court – is difficult, and Plaintiff should consider hiring an attorney.  If Plaintiff is unable to afford counsel, he should consider the resources available to *pro se* litigants,

including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Emergency Motion for [an] Injunction, or in the Alternative, a Temporary Injunction/Restraining Order." (Doc. 4) is **GRANTED IN PART and DENIED IN PART**.

2. The motion is **GRANTED** to the extent that Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, are temporarily enjoined and restrained from issuing or enforcing holds on Plaintiff's academic records or otherwise preventing him from enrolling in or dropping classes, including remote or online classes, or transferring out of USF to another educational institution.

3. The motion is otherwise **DENIED**.

4. Any Defendant or other person that is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Middle District of Florida Local Rules.

5. This temporary restraining order without notice is entered at 3:15 p.m. on this 9th day of January 2024 and shall remain in effect for fourteen (14) days unless otherwise modified or dissolved prior to that time.

6. This matter will be scheduled for a preliminary injunction hearing by separate notice on Tuesday, January 16, 2024, at 2:00 p.m.

7. Plaintiff is **DIRECTED** – before noon on January 10, 2024 – to serve on Defendants through email to their counsel, at the email addresses listed on counsel's filings in the parallel state court case, the following: 1) a copy of the complaint and its exhibits; (2) a copy of the motion and its exhibits; and (3) a copy of this Order.  Plaintiff is further **DIRECTED** to file with the Court on or before January 11, 2020, a statement that service on Defendants has been provided as directed.

8. Defendants are directed to file a response to Plaintiff's motion on or before noon on January 15, 2024.  Defendants' response should include any affidavits, declarations, or documentary evidence Defendants wish the Court to consider.  The Court does not anticipate live testimony at the January 16, 2024, hearing, which will be limited to legal argument and determining whether there are any facts in dispute to be considered at a

further hearing.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 9th day of January, 2024.

    **TOM BARBER**
    **UNITED STATES DISTRICT JUDGE**