

**EXHIBIT 6**







**Daniel**

> Student 3
> She can talk to someone higher up then

Ooohh I'm soooooo scared.

**Student 9**
hopefully u guys can just come to a compromise 👍🏼

6:59 PM

**Daniel**
^ yea let's just do that

**Student 9**
cause ik if u guys had animals or had animals at home you wouldn't keep the animal locked in one room all day

**Daniel**
Sorry if I'm being too upfront, but I have certain things I'm not compromising. He will come out some times. You want to work out when, that's fine. But there's not going to be a total ban.

**Student 1**
Daniel knew he was going to be living in a single room, taking the cat downstairs and outside should not be that big a deal but as we've said forever, we can discuss it with
Res Advisor

**Student 5**
U should have thought about that before bringing ur cat to a dorm u could have had an apt or an apt sylw















8:44

5th Floor Pinnacle
(south wing)

**Daniel**
Not really possible. I've tried that and he freaks out.

**Daniel**
You want to be reasonable, let me know. Until then, I'm out.

7:47 PM

**Student 1**
This is USFs reasonable policy, its not any of our fault you chose to ignore it by bringing shadow here in the first place and can't handle the consequences for your own actions

**Daniel**
🙀 you want to be reasonable, I will. If not, I'll still be respectful and let him out in the evenings. It's that simple. I don't want to argue with y'all anymore. I'm too tired for this shit

**Student 3**
It's not us being unreasonable, we follow USF policies

**Daniel**
I mean it kinda is. They have a lot of policies. Why does it bother you if he's out while you're not there? That simple.

**Student 1**
Contact them but until they change it we don't want shadow out there

**Student 3**
Because you're breaking policy

Daniel

Send Message...



8:44

‹  ● 5th Floor Pinnacle (south wing)

**Student 3**
Because you're breaking policy

**Daniel**
Yea idc. He's gonna be out there. I'm going to be polite and try to not do it while you're there. There's no need to be a dick about it.

**Residential Advisor**
Daniel you're aware of the housing and esa policies, and your community is showing discomfort with your decisions so please try and respect that

**Daniel**
I am trying to respect it. I offered to work out a compromise, I tried to communicate in good faith. They're being unreasonable. That simple. If they're willing to discuss this in good faith, I am also. Until then, if they don't like it, it's a them problem. I will try to not have him out while they're out. But they can't say he can't be out there especially when they're not there. There is no valid reason for it.

**Student 12**
there is a valid reason daniel its called the rules

**Daniel**
Yea and we all know how *all* of the rules are always followed. Shadow needs to be let out sometimes, or he isn't happy. It's that simple. If they don't want me letting him out while they're there, thats fine. But they can't monopolize the common room

**Student 1**
You can believe what you want but USF will

+   Send Message...   ☺   📷



**EXHIBIT 7**









**EXHIBIT 8**



October 13, 2023

Daniel Frishberg
Sent electronically to danielfrishberg@usf.edu

Regarding Case Number: 2023087401

Dear Daniel,

Student Conduct and Ethical Development (SCED) has received a report regarding an alleged incident that occurred on Thursday, October 5, 2023 in Pinnacle Hall at 6:30 PM. Specifically, Resident Daniel Frishberg has openly and repeatedly violated the ESA agreement within Pinnacle Hall.

Based on the received report, you are formally charged with the following conduct violation(s) of the USF Student Code of Conduct:

- Residence Hall Policies
  Failure to abide by any policy or regulation governing University Housing (e.g. rental agreement, Resident Handbook).

- Failure to Comply
  Failure to comply with an official request or directive of a University Official acting within the scope of their assigned duties. Failure to identify oneself or produce USF identification upon request by a University Official.

You are invited to participate in an informational meeting that has been scheduled for **Friday, October 20, 2023 at 3:30pm in Microsoft Teams Video Conference**. You will receive an additional email with a calendar invite and a link to join the video conference. An informational meeting is an opportunity to explain the Student Conduct Process, your due process rights, the allegations, and charges, and review all available information supporting the charges.

You may have an Advisor present during any meeting or hearing with Student Conduct and Ethical Development. Students must provide the identity of the person and complete this Release of Information form at least two (2) business days in advance.

Bulls Student Advisors (BSA) provides free, trained advisors to students throughout the Student Conduct Process. BSA is an agency of Student Government, which is independent and unaffiliated with Student Conduct and Ethical Development. Students seeking the support of a peer student advisor, may contact BSA at sg-bsad@usf.edu or visit Bulls Student Advisors.

**STUDENT CONDUCT AND ETHICAL DEVELOPMENT**
University of South Florida | Tampa, St. Petersburg, Sarasota-Manatee campuses
usf.edu/sced

EXHIBIT 9

You have the option to attend this meeting in person. If you would like to attend and participate in person, please contact me at shanalec@usf.edu no later than one (1) business day in advance of the scheduled meeting. The location of the in-person meeting will be communicated following your outreach.

To reschedule this meeting, you must contact me at shanalec@usf.edu no later than one (1) business day in advance of the scheduled informational meeting. If you do not attend or re-schedule the informational meeting, you will have waived your opportunity to participate in an informational meeting, and SCED will proceed with scheduling a Formal Hearing.

SCED is committed to providing reasonable accommodations. If you require accommodations in order to fully participate in this process, please notify Shanale Cordero at shanalec@usf.edu in advance of your scheduled meeting. For additional information about the Student Conduct Process visit the Student Code of Conduct at www.usf.edu/sced.

Sincerely,



Shanale Cordero
Pinnacle Hall Residence Life Coordinator



## Student Conduct and Ethical Development
## Charged Student and Student Organization Due Process Rights

Any student or student organization who has allegedly violated the Student Code of Conduct has the following rights during the Student Conduct Process:

1.  To be accompanied by an advisor of their choice and expense throughout the Student Conduct Process. For cases under the jurisdiction of Policy 0-004, the University will appoint an advisor for the purposes of cross-examination during a Formal Hearing, if one is not chosen.
2.  Written notice of the charges and allegations.
3.  A fair and impartial student conduct process.
4.  The right to presumption that no violation has occurred. The burden of proof is on the University, and the standard of proof is the preponderance of the evidence.
5.  The opportunity to present relevant information.
6.  The opportunity to present and question witnesses.
7.  To not provide self-incriminating testimony. Invoking the right against self-incrimination will not be considered as a negative factor in the decision of the Hearing Officer or Hearing Body.
8.  The opportunity to review all available information supporting the charges of violations of the Code prior to resolution.
9.  To receive written notice of the outcome of the selected resolution option within five (5) days of the Resolution Agreement of Formal Hearing.
10. To submit a written appeal.

In addition to the above, a charged student has the following rights in cases of alleged sexual harassment, stalking, and violence:

11. The ability to request alternate arrangements for participation in the Formal Hearing via audio or live-video from another location, and/or to participate in a manner that avoids direct contact with the complainant as long as such participation does not infringe on the charged student's right to question the complainant during the Formal Hearing or infringe on the implementation of Formal Hearing procedures.
12. To submit a written impact statement in advance of the Formal Hearing.
13. To not have prior sexual history considered, except for the testimony offered by the complainant or charged student about their shared sexual history that the Hearing Officer or Hearing Body deems relevant, when determining if a conduct violation has occurred.

**STUDENT CONDUCT AND ETHICAL DEVELOPMENT**
**University of South Florida | usf.edu/sced**
**Tampa | St. Petersburg | Sarasota-Manatee**



**REGULATION**

| | |
|---|---|
| **Number:** | **USF6.0021** |
| **Title:** | **Student Code of Conduct** |
| **Responsible Office:** | **Student Success** |

Date of Origin: 9-23-85          Date Last Amended: 9-7-22 (technical)          Biennial Review: See Policy 0-001

## I.  PURPOSE AND INTENT

Student Conduct and Ethical Development (further referred to as "SCED" supports the goals, mission, values, and visions of the University of South Florida ("University" or "USF") by promoting responsibility and adherence to the standards of behavior outlined in this Regulation ("Student Code of Conduct" or "Code").

SCED collaborates with the USF community to advocate for a safe environment that promotes personal accountability and supports student success. SCED facilitates educational opportunities through meaningful interactions with students to encourage their academic, emotional, and professional development. The goal of SCED is to create environments that empower students to engage as ethical citizens in a diverse global society.

## II.  STATEMENT OF REGULATION

The USF President has designated SCED, or designee, to administer and maintain this Regulation ("Student Code of Conduct" or "Code"). The Student Code of Conduct describes standards of behaviors that are counteractive to the goals and mission of the University and the process for how the University will hold students and student organizations accountable to these standards of behavior.

## III.  STANDARDS OF BEHAVIOR

Students and student organizations are responsible for knowing the information, policies, and procedures outlined in the Code. There is an expectation that students and student organizations adhere to the following standards of behavior.

1

**EXHIBIT 10**

**Commitment to Honor**

The Code supports and seeks to put into practice the USF Commitment to Honor. As an ethical community, USF is dedicated to the ideals of excellence in student development, academic learning, scholarship, and research. Each member of this community is expected to accept and live these commitments:

1. I resolve to maintain honor and integrity of the university community in pursuit of student development, academic learning, scholarship and research.
2. I resolve to respect the dignity and intrinsic value of all persons.
3. I resolve to contribute to the progress and greater good of the community.
4. I resolve to strive for excellence and discovery for myself, others, and the University.

**Academic Disruption**

Disruptive students in the academic setting hinder the educational process. Instructors have the primary responsibility for managing the classroom environment whether in person or online in accordance with USF 3.025 Disruption of Academic Process. The Disruption of Academic Process Regulation provides the steps an instructor may take to immediately address a student disrupting a class or academic setting including restricting a student from class. If a student disrupts the classroom or academic setting, the instructor should submit a report in writing using the Academic Disruption Incident Report Form. References to "instructor" include course instructors, faculty, administrators, and staff.

**Amnesty**

*Medical*

The University encourages students to seek emergency medical assistance when faced with an alcohol and/or drug-related emergency and in any situation where a reasonable person believes medical treatment to be appropriate. Students who seek or receive emergency medical assistance for themselves or students who seek assistance for another student experiencing an emergency related to the consumption of alcohol and/or drugs may qualify for amnesty. Any student who qualifies for amnesty under the USF 30-004 Medical Amnesty (Student Reporting) Policy, may not be charged with violations of the Student Code of Conduct as those conduct violations relate to the consumption and/or use of alcohol and/or drugs. Although students who qualify for amnesty may be exempt from the Student Conduct Process, they may be required to complete educational measures.

*Hazing*

A student may not be charged with a violation of the Code if the student establishes that, before medical assistance or law enforcement arrived on the scene of the hazing event, the student rendered aid to the hazing victim(s) and establishes all of the following:

1. The student was present at an event where, as a result of hazing, an individual appeared to need immediate medical assistance.

2

2.  The student was the first individual to call 911 or USF Police to report the need for immediate medical assistance.
3.  The student provided their own name, the address where the immediate medical assistance was needed, and a description of the medical issue to the 911 or USF Police dispatcher at the time of the call.
4.  The student remained at the scene with the individual in need of immediate medical assistance until such medical assistance or law enforcement arrived and that the student cooperated with such personnel at the scene of the incident.

For more information about hazing and hazing amnesty, reference 6.0023 Prohibition of Hazing Regulation.

## IV.   APPLICABILITY & AUTHORITY

The University of South Florida is one institution with branch campuses.  An incident will be referred to the campus where the incident occurred or as designated by the director of SCED, or designee.

Students and student organizations are responsible for having read and abiding by the standards of behaviors of the Code. The University reserves the right to make changes to the Code as necessary. The most updated version of all USF policies and regulations can be found at: http://regulationspolicies.usf.edu.

The Code and Student Conduct Process apply to the behaviors of any student and student organization regardless of location or forum that are inconsistent to the goals and mission of USF. This includes (1) conduct that may present a danger or threat to the health and/or safety of students or others, (2) conduct that adversely affects the University community and/or the pursuit of its mission, (3) and/or conduct that violates state or federal laws. Students and student organizations are responsible for their guests and may be held accountable for their guests' behavior.

The Student Conduct Process is educational and designed to address student and student organization behavior; therefore, the University will address any alleged violations of the Code independently of any criminal or civil court process. The Student Conduct Process may be carried out prior to, concurrently with, or following civil or criminal proceedings. Determinations made or sanctions(s) imposed as a result of the Student Conduct Process will not be subject to change because criminal charges were dismissed, reduced, or resolved in favor of the charged student. The University is not required to postpone the Student Conduct Process pending the outcome of any civil or criminal case. Student conduct cases that may result in suspension or expulsion must be resolved prior to the awarding of any degree or certificate.

## V.   DEFINITION OF TERMS

**Administrative Hold** – A restrictive hold placed on a student's record at any point in the Student Conduct Process to assure compliance with sanctions or pending the resolution of conduct matters.

3

This hold may impact the ability of a student to register for courses, request academic transcripts, and receive a degree and diploma.

**Advisor** – Any individual chosen by the charged student, student organization, and complainant to accompany the party to meetings related to the Student Conduct Process.

**Charge(s)** – Alleged violation(s) of the Student Code of Conduct.

**Charged Student** – Any student who has allegedly violated the Student Code of Conduct. This term may also refer to a student identified as a respondent as defined in USF Policy 0-004.

**Complainant** – Any individual who may have been the subject of sexual harassment, stalking, or violence by the charged student. This may not be the individual who reported the violation(s). This term may also refer to a student identified as a complainant as defined in USF Policy 0-004.

**Conduct Standing** – A student's status related to University conduct.

**Day** – A day when the University is open for regular business operations. This excludes Saturday, Sunday, legal/University administrative holidays or when the campus is closed for business. For emailed correspondence, the day of delivery is not included in a designated time period.

**Hearing Officer** – University official, as determined by the Director of SCED, or designee, authorized to make decisions about alleged violations of the Student Code of Conduct.

**Impact Statement** – A written statement provided by the charged student and complainant that explains how the incident has impacted their personal and educational experiences. These statements may be considered in cases of alleged sexual harassment, stalking, and violence.

**Interim Suspension** – An immediate temporary separation from the University. Conditions may include restriction from University premises and participation in academic endeavors, and/or other and University-related activities. Interim suspensions will be expedited through the Student Conduct Process.

**May** – Is used in the permissive sense.

**Member of the University Community** – Any individual who currently employed by the University, any student of the University, and any third party working on University premises or any participant in a University-sponsored program or activity regardless of the location of the program or activity.

**Policy** – All written and published policies and regulations of the University. Reference USF Regulations and Policies for specific policies and regulations.

4

**Preponderance of the Evidence** – The evidence/information presented supports the finding that it is more likely than not that the conduct violation occurred. This standard is used in adjudicating all cases through the Student Conduct Process.

**Student** – Student is an individual admitted, enrolled, or registered for any University course or program, regardless of the medium of the course or program, or degree-seeking status, or when not enrolled or registered for a particular term, who is eligible to enroll in future terms without seeking readmission. A student who withdraws, is academically dismissed after allegedly violating the Student Code of Conduct, or has a continuing relationship with the University is still considered a student. For the purpose of this Regulation, the term "student" may be interchangeable with "student organization" when the term "student organization" is not directly specified.

**Student Organization** – A student group that is officially registered or recognized by the University, including, but not limited to, political groups, social groups, honor and professional societies, fraternities and sororities, and sport clubs.

**Temporary Restrictions** – Actions that SCED may take upon receipt of an incident report or during the Student Conduct Process. These actions may include, but are not limited to, interim suspension, a removal from on-campus housing, no contact orders, restrictions from clubs, events, and organizational activities, and/or restrictions from specific areas on University premises. Temporary restrictions may be amended or lifted throughout the Student Conduct process.

**Transcript Overlay –** Notation on a student's academic transcript that states the student is not in good conduct standing resulting from suspension or expulsion.

**University** –All campuses of the University of South Florida.

**University Activity or University Program** - Any function or event that is hosted, sponsored, or organized by any University member when acting in their official capacity, group, or organization, including but not limited to, student organizations. This includes, but is not limited to, coursework and other academic activities, education abroad, field trips, retreats, social events, philanthropies, and community service events.

**University Conduct Board** - A panel of faculty, staff, and students who have been trained to participate in the adjudication of student conduct cases.

**University Official** – Any individual the University employs, contracts, or appoints to perform assigned teaching, research, administrative, professional, or other responsibilities (e.g. faculty, staff, administrators, student staff, USF Police).

**University Premises** – Any building or property owned or controlled by the University within the same reasonably contiguous geographic area and used by the University in direct support of, or in a manner related to, the University's educational purposes, including residence halls; and any building or property that is within or reasonably contiguous to that previously described in this paragraph that is owned by the University, but that is controlled by another individual, is frequently used by students, and supports University purposes (e.g., a food or other retail vendor).

**Will** – Is used in the imperative sense.

**Witness** – An individual with direct knowledge about or involvement in an alleged violation of the Student Code of Conduct.

**Written Notice** –Communication regarding the student conduct process will be sent to the charged student or student organization, and in specific cases the complainant, by e-mail to their official University of South Florida e-mail address, which will be SCED's primary means of communication with students. The delivery of written notice through the official University email will constitute full and adequate notice under the Code. Students are responsible for all communications delivered to their University email address. Written notice to student organizations will be sent to the USF email address on file with the University. If the student is under 18 years of age, written notice will be sent to the student's parent or guardian.

## VI.    CONDUCT VIOLATIONS

The behaviors outlined below are prohibited by this Regulation. The following conduct violations are broadly defined and are not exhaustive in terms.

**Aiding and Abetting** - The prompting, facilitating or encouraging of others to violate standards of behavior.

**Alcohol**

1. Possession or consumption of alcohol when under the legal drinking age as defined by Florida law.
2. Unlawful sale, distribution, and/or manufacturing of alcohol.
3. Public consumption and/or intoxication according to local ordinance.
4. Hosting or sponsoring a gathering at which the underage consumption of alcohol may or has occurred.
5. Control or operation of any mode of transportation while impaired by alcohol.
6. Use and/or possession of devices with the intent to use for rapid or excessive consumption of alcohol, including but not limited to funnels, ice luges, and beer bongs.
7. Possession and/or use of kegs, coolers, party balls and/or other common source containers.

6

8. Reporting to class, an organizational meeting or other University event that is specific to the educational mission while under the influence of alcohol.

9. Failure to abide by 30-023 Alcohol Policy and all University protocols, state, and federal laws regarding alcohol.

**Bribery** – Offering or accepting a bribe or inducement that would impinge upon or compromise the integrity of academic work, student performance, or the unbiased and professional duty of faculty, staff, or students of the University.

**Complicity** – To be associated with a violation of any University policy or regulation including, but not limited to, failure to remove oneself from the area or incident where a violation is being committed or attempted.

**Damage to Property** - Destruction or vandalism of University buildings or property, private property, and/or personal property.

**Dating Violence** – Violence, on the basis of sex, committed by a person, who is in or has been in a social relationship of a romantic or intimate nature with the complainant. The existence of such a relationship shall be determined based on the complainant's statement and with consideration of the length of the relationship, the type of relationship, and the frequency of interaction between the persons involved in the relationship. For the purposes of this definition, dating violence includes, but is not limited to, sexual or physical abuse or the threat of such abuse. Dating violence does not include acts covered under the definition of domestic violence.

**Disruptive Conduct**

1. Actions and/or behaviors that disrupt, disturb, impair, or interfere with the processes and/or functions of the University or the rights of members of the University community.

2. Actions and/or behaviors that disrupt, disturb, impair, or interfere with the academic environment, and/or failure to abide by USF 3.025 Disruption of Academic Process.

3. Actions and/or behaviors that disrupt, disturb, impair, or interfere with the freedom of movement and speech, and/or academic freedom of any member or guest of the University community.

4. Actions and/or behaviors that disrupt, disturb, impair, or interfere with the student conduct process.

5. Actions and/or behaviors that are disorderly, unruly, and/or disturb the peace.

**Domestic Violence** – Violence, on the basis of sex, committed by a current or former spouse or intimate partner of the complainant, by a person with whom the complainant shares a child in common, or by a person who is cohabitating with, or has cohabited with, the complainant as a spouse or intimate partner, or by a person similarly situated to a spouse of the complainant under the domestic or family

7

violence laws of the state of Florida, or by any other person against an adult or youth complainant who is protected from that person's acts under the domestic or family violence laws of the state of Florida. To categorize an incident as domestic violence, the relationship between the respondent and complainant must be more than just two people living together as roommates. The people cohabitating must be current or former spouses or have an intimate relationship.

**Drugs** -Includes, but is not limited to, any narcotic, central nervous system stimulant, hallucinogenic, barbiturate, or other substance treated as such.

1. Misuse or illegal possession of a regulated or controlled substance.
2. Manufacturing, distributing, selling, or attempting to obtain any controlled substance that is prohibited by law.
3. Un-prescribed use, possession, distribution, selling, or attempting to obtain any prescription drug (one's own or another's) that is prohibited by laws.
4. Possession of paraphernalia used for the consumption and/or use of drugs that may include, but not limited to bongs, hookahs, rolling papers, baggies, scales, and pipes.
5. Knowingly inhaling or ingesting a substance (e.g. nitrous oxide, glue, paint, etc.) that may alter a student's mental state.
6. Control or operation of any mode of transportation while impaired by a regulated or controlled substance.
7. Reporting to class, an organizational meeting or other University event that is specific to the educational mission while under the influence of drugs.
8. Failure to abide by 0-610 Drug-Free Workplace Policy and all University protocols, state, and federal laws regarding drugs.

**Failure to Comply** – Failure to comply with an official request or directive of a University Official acting within the scope of their assigned duties. Failure to identify oneself or produce USF identification upon request by a University Official.

**False Information**

1. Knowingly withholding related information or making a false or misleading oral or written statement to the University and/or any University Official.
2. Unauthorized alteration, possession, purchase, forgery, or misuse of any document, record, or instrument to be used as identification or as part of a request for support or excuse from academic assignment or other University service. The University has the right to authenticate or research the reliability of any document provided by a student.
3. Knowingly providing false or misleading information during proceedings under the Student Code of Conduct, including knowingly submitting a false complaint for any University process.
4. Failure to provide complete and accurate responses to the prior conduct section of the admissions application.

8

**Fire and Safety**
1. Inappropriate activation of any emergency warning equipment or the false reporting of any emergency.
2. Removing, damaging, interfering, or tampering with any fire safety equipment (e.g. smoke detectors, sprinklers, fire alarms).
3. Failure to evacuate during a fire alarm in any University facility or at any University event.
4. Engaging in action(s) that cause or attempt to cause a fire or explosion including but not limited to the release of chemicals or substances that can cause harm to another individual's health.

**Gambling** – Engaging in or offering games of chance for the exchange of money or other gain that may be in violation of Florida laws.

**Harassment** – Unwelcome conduct that a reasonable person would determine to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the recipient's education program or activity.

Bullying conduct that meets the standard for harassment set forth above is included in this violation and are not protected by freedom of expression.

Failure to abide by 0-007 Diversity and Equal Opportunity: Discrimination and Harassment Policy and all University protocols and federal/state laws regarding discrimination.

**Hazing** - Any action or situation that recklessly or intentionally endangers the mental or physical health or safety of an individual(s) for purposes of initiation and/or admission into, or association with and/or the perpetuation or furtherance of a tradition or ritual of any recognized student organization or non-affiliated organization. The consent or permission of the individual(s) does not eliminate responsibility.
1. Hazing includes, but is not limited to pressuring or coercing an individual(s) into violating state or federal laws; any brutality of a physical nature, such as whipping, beating, branding, exposure to the elements, forced consumption of any food, liquor, drug, or other substance, or other forced physical activity that could adversely affect the physical health or safety of an individual(s); or any activity that would subject an individual(s) to extreme mental stress, such as sleep deprivation, forced exclusion from social contact, forced conduct that could result in extreme embarrassment, or other forced activity that could adversely affect the mental health or dignity of an individual(s). Additionally, any hazing that results in permanent and/or serious bodily injury or death.
2. Soliciting an individual(s) to commit or is actively involved in the planning of any act of hazing.
3. Failure to abide by 6.0023 Prohibition and Prevention of Hazing Regulation and all University protocols, state, and federal laws regarding hazing.

**Health and Safety** – Conduct non-compliant with University policies, guidelines, or directives related to

9

the health and safety of the University community.

**Physical Violence**
1. Intentional touching or striking of an individual(s) against their will, or any action causing or attempting to cause potential damage, injury, or harm. This includes, but is not limited to, punching, slapping, scratching, or striking with one's body or with any object.
2. Unintentional touching or striking of an individual(s) against their will, or any action causing or attempting to cause potential damage, injury, or harm that is with conscious disregard for consequences.

**Residence Hall Policies** – Failure to abide by any policy or regulation governing University Housing (e.g. rental agreement, Resident Handbook).

**Retaliation** – Words or action(s) taken against an individual because of the individual's participation in a protected activity that would discourage a reasonable person from engaging in a protected activity. Retaliation may include intimidation, threats, coercion, physical harm and/or adverse employment or educational actions. Protected activity includes an individual's participation in the reporting, investigation, and/or resolution of an alleged violation of the Student Code of Conduct. Additionally, protected activity includes an individual's opposition to policies, practices and/or actions that the individual reasonably believes are in violation of the Student Code of Code. Retaliation may be found even when an underlying report made in good faith was not substantiated. Retaliation may be committed by the charged student, the complainant, or any other individual or group of individuals.

**Sexual Assault (defined as Sex Offenses, Forcible)** – Any sexual act directed against another individual, without the consent of the complainant, including instances in which the complainant is incapable of giving consent.
1. Forcible Rape: Penetration, no matter how slight, of the vagina or anus with any body part or object, or oral penetration by a sex organ of another person forcibly or against that person's will (non-consensually) or in instances in which the Complainant is incapable of giving consent.
2. Forcible Sodomy: Oral or anal sexual intercourse with another person, forcibly or against that person's will (non-consensually) or in instances in which the Complainant is incapable of giving consent.
3. Sexual Assault with an Object: The use of an object or instrument to penetrate, however slightly, the genital or anal opening of the body of another person forcibly or against that person's will or in instances in which the Complainant is incapable of giving consent.
4. Forcible Fondling: The touching of the private body parts of another person (buttocks, groin, breasts), for the purpose of sexual gratification, forcibly, or against that person's will (non-consensually), or when the Complainant is incapable of giving consent.

**Sexual Exploitation –** Taking non-consensual or abusive sexual advantage of an individual for their

10

own benefit or for the benefit of anyone other than the individual being exploited, and that the conduct does not otherwise constitute sexual harassment under this policy. Examples of sexual exploitation include, but are not limited to:

1. Sexual voyeurism (such as observing or allowing others to observe an individual undressing or using the bathroom or engaging in sexual acts, without the consent of the individual being observed).
2. Invasion of sexual privacy.
3. Taking pictures, videos, or audio recording of another in a sexual act, or in any other sexually-related activity when there is a reasonable expectation of privacy during the activity, without the consent of all involved in the activity, or exceeding the boundaries of consent (such as allowing another individual to hide in a closet and observe sexual activity, or disseminating sexual pictures without the photographed individual's' consent), including the making or posting of revenge pornography.
4. Prostituting another individual.
5. Engaging in sexual activity with another individual while knowingly infected with human immunodeficiency virus (HIV) or a sexually-transmitted disease (STD) or infection (STI), without informing the other individual of the infection.
6. Causing or attempting to cause the incapacitation of another individual (through alcohol, drugs, or any other means) for the purpose of compromising that individual's ability to give consent to sexual activity, or for the purpose of making that individual vulnerable to non-consensual sexual activity.
7. Misappropriation of another individual's identity on apps, websites, or other venues designed for dating or sexual connections.
8. Forcing an individual to take an action against their will by threatening to show, post, or share information, video, audio, or an image that depicts the individual's nudity or sexual activity.
9. Knowingly soliciting a minor for sexual activity.
10. Engaging in sex trafficking,
11. Creation, possession, or dissemination of child pornography.

**Sexual Harassment –** Conduct on the basis of sex/gender or that is sexual that satisfies one or more of the following:

1. Quid Pro Quo: A USF employee, conditions the provision of an aid, benefit, or service of the University, on an individual's participation in unwelcome sexual conduct. Refer to Policy 0-004 Sexual Misconduct/Sexual Harassment.
2. Unwelcome conduct, determined by a reasonable individual, to be so severe, and pervasive, and objectively offensive, that it effectively denies an individual equal access to the University's education program or activity.

**Sex Offenses, Non-Forcible**

1. Incest - non-forcible sexual intercourse, between individuals who are related to each other,

11

within the degrees wherein marriage is prohibited by Florida law.

2. Statutory Rape – non-forcible sexual intercourse, with an individual who is under the statutory age of consent as defined by Florida law.

**Stalking**- Engaging in a course of conduct directed at a specific individual that would cause a reasonable individual to fear for the individual's safety, or the safety of others; or suffer substantial emotional distress. For the purposes of this definition, course of conduct means two or more acts, including, but not limited to, acts in which the charged student directly, indirectly, or through third parties, by any action, method, device, or means, follows, monitors, observes, surveils, threatens, or communicates to or about an individual, or interferes with an individual's property. Reasonable person means a reasonable person under similar circumstances and similar identities to the complainant. Substantial emotional distress means significant mental suffering or anguish that may, but does not necessarily, require medical or other professional treatment or counseling.

**Student Organization Misconduct** – Failure to abide by any University and/or department policy or protocol governing the operation of student organizations, sport clubs, teams, etc.

**Technology** – Improper use of technology hardware or software including but not limited to computers, e-mail, cell phones, video cameras, and drones.

1. Unauthorized downloading or facilitating others to download copyrighted music, films, and other documents without authorization.

2. Non-consensual recording of wire, oral, or electronic communication acquired by any device when such communication is uttered by an individual exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation (i.e. an individual has a reasonable expectation of privacy). University facilities, including but not limited to, classrooms, labs, and lecture halls during course delivery are not open to the public and students may not engage in recording class sessions except as provided by law.

3. Failure to abide by Policy 0-502 Appropriate Use of Information Technology Resources.

4. Failure to abide by Policy 6-036 Unmanned Aircraft (Drone) Operations.

**Theft** – Taking, attempting to take, or keeping in its possession property or services not belonging to the individual.

**Threats of Violence** - A threat by word or act to do violence to an individual(s).

**Unauthorized Access and/or Use**

1. Unauthorized access or entry to University facilities or any property of any member of the University community without permission.

2. Duplication or use of University keys or access cards without permission.

3. Accessing, duplicating, photographing, altering, disseminating, and/or misusing any University

material (including University intellectual property), files document or record, computer records, software, data files, and similar entities owned or maintained by any member of the University faculty, administration, staff or student body.

4.  Misuse of the official University brand to include, but not limited to the logo, mark, monogram, seal, or other graphic identity symbol.

**University Policy and/or Local Ordinance, State, or Federal Law (as determined by the University)** – Failure to adhere or abide by policies, including but not limited to, local ordinance, state law or federal law. Adjudicating by an outside entity is not a prerequisite to a determination of responsibility by the University.

**Weapons, Firearms, or Explosive Devices** – The illegal possession, storage, use or sale of any weapon (lethal or non-lethal), firearm, ammunition, or any incendiary, explosive or destructive device. This includes, but is not limited to, fireworks, switchblade knives, air soft guns, dangerous chemicals, corrosive and/or biological chemicals or agents as restricted by University policies and/or protocols. This also covers any item used as a weapon to cause actual physical harm or threaten physical harm. Reference Policy 6-009 Weapons on USF Property.

## VII.   STUDENT CONDUCT PROCESS

**Filing an Incident Report**

A student and student organization's conduct may be reported to SCED by any individual or entity for review of a potential conduct violation(s). A report may be submitted in writing using the designated referral form. Currently the form is the Student Conduct and Ethical Development Referral Form. Incident reports must be submitted within six (6) months following the incident or obtaining knowledge about the incident, whichever is later. Exceptions to this filing time include, but are not limited to, cases involving sexual harassment, dating violence, domestic violence, and stalking and may include other extraordinary cases, as determined by the Director of SCED, or designee.

All reported information will be reviewed by the Director of SCED, or designee, to determine appropriate next steps to include, but are not limited to, further fact gathering, issuance of charges, referral to another department, or an information meeting to determine resolution of the report and potential conduct violations.

**Temporary Restrictions**

Temporary restrictions may be issued to ensure a safe environment that promotes personal accountability and supports student success. SCED can issue temporary restrictions to any student and student organization involved in an incident, regardless of whether a determination of potential violations has been made. These may include, but are not limited to, interim suspension, removal from on-campus housing, no contact orders, restrictions from clubs, events, and organizational activities,

13

and/or restrictions from specific areas on University premises. The student and student organization will receive written notice detailing the issued temporary restrictions.

The charged student's enrollment status will remain unchanged pending the outcome of a Formal Hearing, except in cases of interim suspension. The hearing outcome will indicate if enrollment status will be changed between written notice of outcome of a Formal Hearing and the conclusion of an Appeal, if applicable.

### Issuance of Charges

The Director of SCED, or designee, will review the incident report to determine if further fact gathering is necessary or if sufficient information exists for the issuance of charges of violations of the Code.  In general circumstances, a review of the incident report will be completed to make a determination to issue charges within fifteen (15) days of receipt of the incident report unless further fact gathering is determined necessary by the Director of SCED, or designee.

If sufficient information exists, the student and student organization will receive written notice of charges. The written notice will include date, time, and location of the Informational Meeting, as well as the specific charges of violations of the Code, a brief description of the allegation(s), an invitation to attend an informational meeting, and any other detail to prepare for the Student Conduct Process.

### Informational Meeting

The charged student or student organization, and in specific cases, complainant will be invited to attend an Informational Meeting with a Hearing Officer. An informational meeting is an opportunity for the Hearing Officer to explain the Student Conduct Process, due process rights, allegations and charges, and review all available information supporting the charges of violations of the Code. Following the Informational Meeting, the Hearing Officer may collect additional relevant information regarding the incident. The charged student or student organization, and in specific cases, complainant will receive written notice of and be provided the reasonable opportunity to review any relevant information gathered after the Informational Meeting prior to resolution. This is a private meeting and will be closed to spectators, unless otherwise specified (e.g. advisor).

A student or student organization, and in specific cases, complainant has up to three (3) days after the Informational Meeting to choose a resolution option. If the charged student or student organization fails to select a resolution option, SCED will proceed with scheduling a Formal Hearing. The type of Formal Hearing forum will be determined by the Director of SCED, or designee, based on the severity of charges, information gathered, and/or possible sanctions (e.g. suspension/expulsion).

If the charged student or student organization, and in specific cases, complainant fails to attend or re-schedule an informational meeting, they will have waived their opportunity to participate in an Informational Meeting, and SCED will proceed with scheduling a Formal Hearing. The type of Formal

14

Hearing forum will be determined by the Director of SCED, or designee, based on the severity of charges and/or possible sanctions (e.g. suspension or expulsion).

## Due Process Rights

*Charged Student/Student Organization*

The charged student and student organization has the following rights during the Student Conduct Process:

1. Written notice of the charges and allegations
2. A fair and impartial hearing.
3. The right to presumption that no violation occurred. The burden of proof is on the University, and the standard of proof is the preponderance of the evidence.
4. To be accompanied by an advisor of their choice and expense throughout the Student Conduct Process. For cases under the jurisdiction of Title IX of the Education Amendments of 1972, the University will appoint an advisor for the purpose of cross-examination during a Formal Hearing, if one is not chosen.
5. The opportunity to review all available information supporting the charges of violations of the Code, including all known witnesses who have or may provide information prior to resolution.
6. The opportunity to present relevant information and witnesses at the Formal Hearing.
7. To not provide self-incriminating testimony. Invoking the right against self-incrimination will not be considered as a negative factor in the decision of the Hearing Officer or Hearing Body.
8. The opportunity to question witnesses and in specific cases, complainants in accordance with the Formal Hearing procedure.
9. To receive written notice of the outcome of the Formal Hearing within five (5) days of the hearing.
10. To submit a written appeal (*See Appeal*).

*In addition to the above, a charged student has the following rights in cases of alleged sexual harassment, stalking, and violence:*

1. The ability to request alternate arrangements for participation in the Formal Hearing via audio or live-video from another location, and/or to participate in a manner that avoids direct contact with the complainant as long as such participation does not infringe on the charged student's right to question the complainant during the Formal Hearing or infringe on the implementation of Formal Hearing procedure.
2. To submit a written impact statement in advance of the Formal Hearing.
3. To not have prior sexual history considered, except for the testimony offered by the complainant or respondent about their shared sexual history that the panel deems relevant, when determining

15

if a conduct violation has occurred.

*Complainant*

A complainant has the following rights during the Student Conduct Process:

1. Written notice of the charge(s) and allegations.
2. A fair and impartial hearing.
3. To be accompanied by an advisor of their choice and expense throughout the Student Conduct Process. For cases under the jurisdiction of Title IX of the Education Amendments of 1972, the University will appoint an advisor for the purpose of cross-examination during a Formal Hearing, if one is not chosen.
4. The opportunity to review all available information supporting the charges of violations of the Code, including all known witnesses who have or may provide information prior to resolution.
5. The opportunity to present relevant information and witnesses at the Formal Hearing.
6. To not provide self-incriminating testimony. Invoking the right against self-incrimination will not be considered as a negative factor in the decision of the Hearing Officer or Hearing Body.
7. The opportunity to question witnesses and the charged student in accordance to the Formal Hearing procedure.
8. To receive written notice of the outcome of the Formal Hearing within five (5) days of the hearing.
9. To submit a written appeal (*See Appeals)*.
10. The ability to request alternate arrangements for participation in the Formal Hearing via audio or live-video from another location, and/or participate in a manner that avoids direct contact with the charged student as long as such participation does not infringe on the complainant's right to question the charged student during the Formal Hearing or infringe on the implementation of Formal Hearing procedure.
11. To submit a written impact statement in advance of the Formal Hearing.
12. To not have prior sexual history considered, except for the testimony offered by the complainant or respondent about their shared sexual history that the panel deems relevant, when determining if a conduct violation has occurred.

*Advisor*

The charged student, student organization, and in specific cases, complainant (unless the conduct violation is under the jurisdiction of Title IX of the Education Amendments of 1972) may be accompanied by an advisor of their choice and expense throughout the Student Conduct Process with the following guidelines:

1. The advisor cannot have a potential conflict of interest between the University and/or the case or create an unreasonable conflict with the fair administration of the Student Conduct Process. For example, the advisor cannot serve in any other role, including as a witness, an investigator, decider of fact, hearing officer, member of a committee or panel convened to hear or decide the

charge or any appeal.

2.  The advisor may be present to advise the student and may participate in all aspects of the proceeding but shall not testify for the student. If the advisor is an advocate or legal representative, they must adhere to the same guidelines as any other advisor.

3.  It is the student, student organization, and complainant's responsibility to make appropriate arrangements for their advisor to accompany them throughout the Student Conduct Process. The conduct process will not be delayed due to scheduling conflicts of the chosen advisor.

4.  The advisor may be dismissed from the Student Conduct Process for failure to adhere to the parameters of their role. This dismissal will not affect the process and all proceedings will continue.

In cases under the jurisdiction of Title IX of the Education Amendments of 1972,, the charged student, student organization, and complainant may be accompanied by an advisor of their choice* throughout the Student Conduct Process. The following pertains to the role of the advisor in these specific cases.
The advisor must conduct cross-examination of the charged student, student organization, complainant, and witness(es). If the charged student, student organization, or complainant does not have an advisor of their choosing present at the Formal Hearing, the University shall appoint an advisor of the University's choosing for the sole purpose of conducting cross-examination. The University cannot guarantee the appointed advisor will be equal to the chosen advisor of the charge student, student organization, or complainant. Specifically, should the charge student, student organization, or complainant's chosen advisor be an attorney, the University is not obligated to appoint an advisor who is an attorney. A party may reject the University's appointment of an advisor, but they may not proceed without an advisor.

If the party's advisor will not conduct the cross-examination , the University will appoint an advisor who will do so thoroughly, regardless of the participation or non-participation of the advised party in the hearing itself.

*Choosing an advisor who is also a witness in the Student Conduct Process creates potential for bias and conflict of interest. A charge student, student organization, or complainant who chooses an advisor who is also a witness can anticipate the issues of potential bias will be explored by the Hearing Officer/Hearing Body.*

**Resolution Options**

A student or student organization has the right to a resolution of any alleged violation of the Code through the Student Conduct Process unless waived as outlined below. The Student Conduct Process provides two resolution options. Cases involving allegations of sexual harassment, stalking, and violence will be resolved by a Formal Hearing, consistent with state and federal guidelines.

**Resolution Agreement**

(except in cases that could result in separation from the University) Available when the charged student or student organization waives their right to a Formal Hearing and appeal, and requests that the Hearing

Officer, conducting the Informational Meeting, determine the findings and applicable sanctions. The Hearing Officer reserves the right to collect additional relevant information to make an informed decision. The meeting will not be audio-recorded, and the written outcome will serve as the official record of the Resolution Agreement. The student or student organization will receive written notice of the Resolution Agreement within five (5) days, except in the case of extraordinary circumstances. Written notice of the Resolution Agreement will include the determination regarding responsibility for conduct violations and applicable sanctions.

### Formal Hearing

Formal Hearings include two types of forums 1) Administrative Hearing and 2) University Conduct Board.

**Administrative Hearing** - Conducted by a single Hearing Officer who serves as the Hearing Body. If the charged student elects an Administrative Hearing, the charged student waives their right to the University Conduct Board.

**University Conduct Board (UCB)** – Conducted by a panel which serves as the Hearing Body. The UCB consists of two (2) students and one (1) faculty or staff member. A non-voting Hearing Officer will moderate the hearing and be excluded from deliberations. If the charged student elects a University Conduct Board, the charged student waives their right to an Administrative Hearing.
The panel is selected from a pool of trained students, faculty, and staff who are members of the UCB. UCB members go through a formal recruitment, selection, and training process facilitated by SCED.

## VIII.   FORMAL HEARING PROCEDURES

### Scheduling

SCED will make a good-faith effort to schedule Formal Hearings around academic class schedules considering the availability of individuals involved in the hearing procedures and the normal operations of SCED.

### Hearing Notice

The charged student or student organization will receive written notice no later than ten (10) days prior to the date of the Formal Hearing. The written notice will include date, time, and location of the hearing, as well as the specific charges of violations of the Code, a brief description of the allegation(s), names of witnesses to be called by the University, a list of available information to be used in the hearing, an outline of the Formal Hearing proceeding, and the name(s) of the Hearing Officer and Hearing Body. In cases involving sexual harassment, stalking, and violence, or under the jurisdiction of Title IX of the Education Amendments of 1972, the charged student or student organization, and complainant will receive similar written notice no later than fifteen (15) days prior to the date of the Formal Hearing.

**Witnesses and Relevant Information**

The charged student or student organization can request the participation of additional witness to provide relevant information during a Formal Hearing. The charged student or student organization must provide the names of additional witnesses at least five (5) days prior to the hearing to the Hearing Officer. Acceptance or denial of additional witnesses is at the discretion of the Hearing Officer. Character witnesses or witnesses who cannot provide relevant information regarding the specific incident will not be permitted to participate in the Formal Hearing.

The charged student or student organization, and in specific cases, complainant is responsible for contacting and notifying additional witnesses they request to participate in the Formal Hearing. The Formal Hearing shall not be delayed due to a scheduling conflict of the witness.

In the event a witness is unable to participate in the scheduled Formal Hearing, the witness may submit a written statement at least five (5) days prior to the hearing to the Hearing Officer for consideration. A late witness statement submission will not be considered. The charged student or student organization, and in specific cases, complainant has the opportunity to respond to the written statement and may offer information to rebut the witness statement and other information presented at the Formal Hearing. The inability of the charged student or student organization, and in specific cases, complainant to question a witness who has provided a written statement is not a violation of the charged student, student organization, or complainant's due process rights. If a submitted statement is deemed relevant, it will be considered during the Formal Hearing, as well as any existing relevant information submitted by the witness however may not be solely relied upon for determining responsibility by the Hearing Officer/Hearing Body. In absence of a submitted statement, any existing relevant information submitted by the witness would be considered during the Formal Hearing, however may not be solely relied upon for determining responsibility by the Hearing Officer/Hearing Body.

The charged student, student organization, or in specific cases, complainant has the opportunity to review all relevant information to be used in the Formal Hearing supporting the charges of violations of the Code at least ten (10) days prior to the hearing. Relevant records, exhibits, and written statements may be submitted by the charged student or student organization for review and acceptance to the Hearing Officer. Acceptance or denial of information is at the discretion of the Hearing Officer. Any information the charged student, student organization, or in specific cases the complainant intends to use must be submitted to SCED at least five (5) days prior the Formal Hearing, except in cases under the jurisdiction of Title IX of the Education Amendments of 1972, in which the information must be submitted at least ten (10) days prior to the Formal Hearing.

**Challenging Impartiality in a Formal Hearing**

The charged student or student organization may challenge the inclusion of any member of the Hearing Body. The challenge must be submitted in writing to the Director of SCED and must detail an actual bias (such as conflict of interest) that would significantly impact their right to a fair and impartial hearing.

19

The challenge must be submitted at least five (5) days prior to the Formal Hearing. The Director of SCED, or designee, will review the challenge and make a final decision that is not appealable.

## Postponements

Any request to postpone a Formal Hearing must be submitted in writing to the Director of SCED as least five (5) days prior to the hearing. The request must state the reason(s) for the postponement. The Director of SCED, or designee, will review the request and make a final decision. The University is not required to postpone the Student Conduct Process pending the outcome of any civil or criminal case.

## Failure to Attend

If a charged student, student organization and in specific cases, complainant fails to attend a scheduled Formal Hearing, the hearing will occur, and an outcome will be made in their absence.

If a witness(es)/Complainant fail to appear, statements given prior to the Formal Hearing may be reviewed at the Hearing in their absence; however, the statements may not be sufficient to determine a finding of responsibility.

## General Principles of Formal Hearings

The following general principles apply to all Formal Hearings regardless of hearing forum. The charged student or student organization and in specific cases, complainant will receive information that outlines the Formal Hearing proceeding prior to the hearing.

1. Formal Hearings are private and will be closed to spectators, unless otherwise specified (e.g. advisor).
2. The burden of proof in a Formal Hearing is on the University. The standard of proof is the preponderance of the evidence. The finding of responsible or not responsible on the charges is solely based on the information presented at a Formal Hearing.
3. Formal Hearings, excluding deliberations, will be recorded by audio or video. The Formal Hearing may only be recorded by the University and the recording will be the property of the University.
4. Formal Hearings are not subject to the formal rules of evidence and procedures governing criminal and civil court proceedings.
5. A charged student or student organization and in specific cases, complainant have the opportunity to present relevant information.
6. No irrelevant information, including character statements, should be discussed or considered in the Formal Hearing.
7. The Hearing Officer has the discretion to limit the number of witnesses whose testimony may be redundant or not in dispute.
8. The Hearing Officer may limit the length of testimony and may provide advice regarding the

scope, direction or tone of questioning.

9. For cases under the jurisdiction of Title IX of the Education Amendments of 1972, all cross-examination of the charged student, student organization, complainant, and witnesses must be conducted directly and orally by the individual's advisor. At the Formal Hearing, before the charged student, student organization, complainant, or witness can respond to a question posed by an advisor, the decision-maker(s) must first determine whether the question is relevant, and if not, explain the basis for disallowing the question.

10. Prior student conduct may only be considered in determining appropriate sanctions.

11. In cases involving multiple charged students, information presented at a Formal Hearing may be used in a related case as long as all Formal Hearing procedures contained within the Code are satisfied.

12. The Hearing Body will make a recommendation of the decision and sanctions to the Hearing Officer. The Hearing Officer may adopt or modify the recommendation of the Hearing Body. If the recommendation is not adopted, the Hearing Officer will include the reason for modifying the recommendation in the Formal Hearing outcome letter.

13. The charged student or student organization and in specific cases, complainant will receive written notice of the formal hearing outcome within five (5) days of the Formal Hearing. The formal hearing outcome will include the determination regarding responsibility for conduct violations and applicable sanctions.

**Interim Suspension**

An interim suspension is an immediate temporary separation from the University. Conditions may include restriction from University premises, participation in academic endeavors, and University-related activities. Interim suspensions will be expedited through the Student Conduct Process.

An interim suspension may be imposed at the discretion of the Vice President for Student Success, or designee, to ensure one or all of the following:

1. The safety and well-being of members of the USF community or preservation of USF property;

2. The student's continued presence or the student organization's continued activities, or use of privileges, is likely to pose an ongoing threat, disruption or interference with the normal operation of USF.

When an interim suspension is imposed, the charged student or student organization will receive written notice to attend a scheduled Informational Meeting with a Hearing Officer. The written notice will include date, time, and location of the meeting, as well as the specific charges of violations of the Code, a brief description of the allegation(s), the conditions of interim suspension, and any other detail to prepare for the Student Conduct Process.

An Informational Meeting will occur (see Informational Meeting) and the Hearing Officer will review available information to determine if the interim suspension will remain, be modified, or lifted. The

21

charged student or student organization will receive written notice within two (2) days after the Informational Meeting regarding the status of interim suspension.

If the charged student or student organization fails to attend the Informational Meeting, they will have waived their opportunity to participate in the Informational Meeting, and SCED will proceed with scheduling a Formal Hearing. The type of Formal Hearing forum will be determined based on the severity of charges and/or possible sanctions (e.g. suspension or expulsion).

If a charged student is placed on an interim suspension, but the charged student is subsequently found not responsible for the conduct violation, the University must:

1. Correct any record of the change in enrollment status in the charged student's permanent records, and report in a manner compliant with state and federal laws, and
2. Refund the charged student: a pro rata portion of any charges for tuition and out of-state fees, as appropriate, if the temporary revocation or suspension of the charged student's ability to attend classes lasts for more than ten (10) days.

In cases where the President determines that the health, safety, or welfare of the charged student or the University community is involved, a charged student's privileges within the University, including the ability to attend classes or engage in University activities, may be suspended on an interim basis.

## IX.    BASIS FOR APPEAL AND APPEAL PROCESS

The charged student or student organization and in specific cases, complainant may appeal in writing the outcome of a Formal Hearing within five (5) days of the date of the Formal Hearing outcome letter. The appeal must be in writing to the Dean of Students, or designee, and the burden of proof rests with the individual or organization appealing to clearly demonstrate the basis for appeal.

**Basis for Appeal**

The basis for appeal includes:

1. A violation of due process rights or failure of the University to follow the Student Conduct Process established in this Code that substantially affected the outcome.
2. The introduction of new information that was not available and could not be presented at the time of the Formal Hearing. The individual appealing must demonstrate how the new information could have substantially affected the outcome. The outcomes of a criminal or civil case is not considered new information for the purpose of an appeal.
3. The severity of sanction(s) imposed was disproportionate to the responsible conduct violations. Additionally, for cases under the jurisdiction of Title IX of the Education Amendments of 1972:
4. The Title IX Coordinator, investigators, or Hearing Officer/Hearing Body had a conflict of interest or bias for or against charged students or complainants generally or the specific charged student, student organization, or complainant that affected the outcome.

22

An appeal is not a rehearing of the conduct case and will not be accepted simply because the individual is dissatisfied with the outcome of the Formal Hearing.

**Appeal Process**

The Dean of Students, or designee, will serve as the Appellate Officer for all appeals of the Student Conduct Process. The Appellate Officer will determine if there is sufficient information to substantiate the basis for appeal. If so, the Appellate Officer may either deny the appeal, therefore upholding the original outcome of the Formal Hearing, or do one of the following:

If the basis of the appeal is that there was a violation of due process rights or failure to follow the Student Conduct Process which would have substantially affected the outcome, and the Appellate Officer accepts the appeal, the Appellate Officer may request the case be remanded for a new Formal Hearing.

If the basis of the appeal is new information that could not be presented at the time of the Formal Hearing which would have substantially affected the outcome, and the Appellate Officer accepts the appeal, the Appellate Officer may request that the case be remanded for a new Formal Hearing.

If the basis of the appeal is the severity of sanction(s) imposed was disproportionate to the responsible conduct violations, and the Appellate Officer accepts the appeal, the Appellate Officer may modify the sanction(s).

For cases of sexual harassment, stalking, and violence, if the basis of the appeal is the Title IX Coordinator, investigators, or Hearing Officer/Hearing Body had a conflict of interest or bias for or against charged students or complainants generally or the specific charged student, student organization, or complainant that affected the outcome, and the Appellate Officer accepts the appeal, the charged student, student organization, or complainant, and in specific cases, the Title IX Coordinator, investigators, and Hearing Officer/Hearing Body will be provided a copy of the submitted appeal and permitted up to five (5) days to submit a response to the Appellate Officer, if applicable. The Appellate Officer may request that the case be remanded for a new investigation, Formal Hearing, or modify the sanction(s).

Except as required to explain the basis of new information, the review of an appeal is limited to the record of the Formal Hearing and supporting documents.

The charged student or student organization or in specific cases, complainant will receive a written notice of their appeal outcome within ten (10) days of receipt of the appeal, except in extraordinary circumstance as determined by the Dean of Students, or designee. The appeal outcome is the final University decision and there are no further internal University appeals.

A student may seek outside judicial review pursuant to Florida Rule of Appellate Procedure 9.190(b)(3) of a final University decision. If a student seeks a review with the court, a copy of the petition must also be officially served to the University of South Florida Office of the General Counsel at 4202 E. Fowler Avenue, CGS 301, Tampa, Florida 33620-4301.

## X.   SANCTIONS

Students and student organizations found responsible for conduct violations will be assigned sanctions. Sanctions will be commensurate with the responsible conduct violations considering any mitigating circumstances, including but not limited to the charged student or student organization's prior conduct record. Assigned sanctions may include, but are not limited to:

**Alcohol and/or Substance Use Education Sanctions** - Online educational modules, assessments, and/or meeting with a staff member. The charged student or student organization is responsible for any associated fee(s).

**Assignments/Seminar/Workshops**: Requirement to attend, present, and/or participate in an in-person or online, workshop, module, and/or seminar. Written research assignments, behavioral reflection papers, or other educational activities may also be a requirement. These sanctions are intended to provide a student with opportunities that achieve specific learning objectives such as engaging in meaningful reflection on their behavior and the impact on others. The charged student or student organization is responsible for any associated fee.

**Conduct Probation**: A specified period of time when the charged student or student organization is considered not in good conduct standing with the University. Conduct probation may result in restrictions of privileges and/or activities which may include, but are not limited to, being prohibited from participating in study abroad, serving in specific student leadership roles (e.g. resident assistant, student government). Conduct probation is a period of reflection on behavior and an opportunity to demonstrate satisfactory citizenship. Further conduct violations while on conduct probation may impact the severity of future sanctions.

**Deferred Suspension**: A specified period of time in which suspension is temporarily withheld pending completion of other sanctions by a specified deadline and the demonstration of satisfactory citizenship. A student or student organization on deferred suspension is considered not in good conduct standing with the University. If the charged student or student organization fails to comply with assigned sanctions, the student or student organization will no longer be on deferred suspension and will be immediately suspended with no further appeal.

**Expulsion**: Permanent separation from the University. The student or student organization is considered not in good conduct standing permanently with the University. The charged student and student organization will not have the ability to return as a student or student organization at any point in

24

time. Expulsion may include a restrictive or no trespass order for all University premises. A transcript overlay will be placed on the charged student's academic transcript and an administrative hold will be permanently placed on the student's account. A record of expulsion will be maintained in the student's permanent conduct file in Student Conduct and EthicalDevelopment.

A student assigned this sanction may forfeit tuition, housing rent and fees, and other University fees. A student will be withdrawn from classes and forfeit academic credit accordingly. Students living in University Housing must contact Housing and Residential Education to determine the financial impact of the cancelled contract.

**Housing Restriction:** A specified period of time in which a student is restricted from living in and/or visiting all USF residential facilities (which may include dining halls), including the Greek Village. If applicable, a student may be financially liable for any costs associated with the restriction from living in on-campus housing as outlined in the Cancellation section of the University Student Housing Agreement or Greek Housing Agreement.

**No Contact Order:** Official directive requesting a student refrain from making contact with another individual(s). Contact may include communication by telephone, in writing, electronically, by third party, or in person both on and off campus.

**Restrictions**: Specific loss of privileges that may limit participation in student activities and University events or access and use of University premises (e.g. athletic teams, leadership positions, certain buildings and/or locations).

**Restitution**: Requirement to reimburse the University and/or an individual for the damage, destruction, or vandalism of University buildings or property, private property, and/or personal property. Restitution will be limited to the actual cost of repair or replacement.

**Suspension**: Separation from the University for a specified period of time. The student or student organization is considered not in good conduct standing during the period of suspension with the University. The student or student organization will not have the ability to return as a student or student organization until the end of the suspension. Suspension may include a restrictive or no trespass order for all University premises. A transcript overlay will be placed on the student's academic transcript, and an administrative hold will be placed on the student's account during the period of suspension. A record of suspension will be maintained in the student's permanent conduct file in Student Conduct and Ethical Development.

A student affected by this sanction may forfeit tuition, housing rent and fees, and other University fees. A student will be withdrawn from classes and forfeit academic credit accordingly. Students living in University Housing must contact Housing and Residential Education to determine the financial impact of the cancelled contract.

**Written Reprimand** – An official notice of conduct that is not in accordance with the  University's standards of behavior. Further conduct violations may impact the severity of future sanctions.

## XI.      AUXILIARY AIDS AND SERVICES

Students may request reasonable accommodations as required in Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. The student must be registered with the USF Student Accessibility Services  and notify SCED in writing a minimum of three (3) days prior to a meeting or hearing.

## XII.     PARENTAL NOTIFICATION

The University considers the student the primary contact for University communications and may restrict communication to the student only. SCED has the discretion to inform any parent or legal guardian of a dependent student under the age of 21 (as provided in Parental Notification Policy 30-020) when their student has been found responsible for a conduct violation in regard to the use or possession of alcohol or a controlled substance. A student whose parents or legal guardian are to be notified will be informed prior to such notification and given the opportunity to initiate contact with their parents, if and when possible.

## XIII.    CONDUCT RECORD MAINTENANCE AND RETENTION

**Maintenance**

1.  Student and student organization conduct records are maintained in SCED.
2.  All student conduct records in all formats (paper, computer, audio, etc.) resulting in formal charges will be kept in compliance with General Records Schedule GS5, but not for less than seven (7) years from the date of the last incident that the charged student or student organization was involved in that resulted in conduct charges.
3.  If a student is suspended or expelled, a record of a violation of University regulations and/or policies will be permanently maintained in the student's or student organization's conduct file in SCED and a record of separation may be maintained in the Office of the Registrar.
4.  SCED maintains all student conduct records in accordance with the Family Education Rights and Privacy Act (FERPA). SCED will abide by all laws requiring privacy with regard to the Student Conduct Process. In addition, as FERPA does not protect the names of students

    found responsible for crimes of violence, including forcible sex offenses, or an alleged perpetrator of a non-forcible sex offense when the allegations support a finding that a student has committed a violation of the University's rules or policies, the University may be required to release that information upon a Chapter 119 public record request.
5.  A student may choose to sign a release form granting SCED staff permission to discuss

information related to the Student's disciplinary file with any individual that the student designates. This form is available in SCED. Although this form may provide access to information to a third party, the student remains the primary responsible party for compliance.

6. Any educational institution requesting conduct information about a current or former University student is required to submit the request in writing. If a non-educational agency is requesting information, those requests must include the signature of the student granting the release of information related to the student's conduct record.

7. Transcripts of recorded hearings may be prepared and provided by the University upon request by the student. The student may contact the Office of General Counsel to arrange for the preparation of the written transcript by a court reporting service on the student's behalf and at the expense of the requestor. The court reporting service will provide the transcript to the Office of the General Counsel, which will perform a confidentiality review of the transcript and redact any confidential or exempt information pursuant to state or federal law. The requestor will be responsible for the cost of the transcript preparation and confidentiality review.

**Retention**

1. Records resulting in an educational sanction of expulsion or suspension from the University will be permanently maintained in SCED.

2. No personally identifiable record(s) will be kept after a record has been designated for destruction. Statistical data will be maintained but all information that would identify an individual is removed.

3. All paper records will be destroyed by shredding or other similar process. Computer files will be modified in a manner so that only statistical data that cannot identify an individual is kept. Non-paper information (i.e. audio recordings) will be destroyed in a manner that will ensure that the information cannot be traced to any individual or any disciplinary case.

**Record Expungement**

Record expungement allows a student conduct record on file with SCED to be sealed. This includes all information related to the student's documentation, investigation, hearing, and disposition. In general, when completing background check inquiries, expunged records will not be reported as an incident when the student was found responsible. The student will not need to report the record based on the language/definitions of the requesting institution or agency in a background check that the incident ever occurred. The record will still be used for federal, state, and local University reporting requirements but will not be associated with the student name or student ID.

*Eligibility*

If the student has only had one disciplinary incident during their enrollment, a request for expungement will be available for consideration:

1. One year after the resolution of a conduct case or in the last term of enrollment,
2. All assigned sanctions have been successfully completed,

3.   An expungement has not previously granted, and

The conduct violation(s) did not:
1.   Cause personal injury.
2.   Cause significant property damage.
3.   Include a drug violation that could qualify as a felony charge in the legal system.
4.   Disrupt the orderly operation of the University.
5.   Violate the firearm, explosives, dangerous chemicals, and ammunition or weaponry regulations of the University.
6.   Involve behavior prohibited under Title IX of the Education Amendments of 1972, or any behavior related to sexual assault, sexual harassment, stalking, and/or sexual exploitation, no matter the location of incident.
7.   Result in a suspension or expulsion.
8.    Occur within the last 30 calendar days.

**Petition Requirements**

A student meeting the eligibility requirements must submit their petition to the Dean of Students, or designee. The student must submit a signed statement explaining the justification for the request, a description of what occurred in the conduct incident, and what they learned from the incident. The statement must also include:

1.   Student's name
2.   University identification number (U number)
3.   E-mail address
4.   Phone number
5.   Date of incident
6.   Incident report number
7.   Documentation of an application to graduate or a signed letter from the student's academic advisor stating the intent to graduate and a list of all remaining coursework.

**Process**

The Dean of Students, or designee, will review the statement, the conduct record, and any other pertinent information they choose to request and/or consider. The decision is at the discretion of the Dean of Students, or designee. The student will receive written notice regarding their petition within ten (10) days of receipt of petition. The decision of the Dean of Students, or designee, regarding the expungement of the conduct record is final and not appealable.

**XIV.   <u>INTERPRETATION AND REVISION</u>**

This Regulation applies to all campuses of the University of South Florida; however, non-

substantive procedural modifications to reflect the particular circumstances of each campus are permitted. Any questions about the interpretation of the Code should be directed to any of the SCED offices: https://www.usf.edu/student-affairs/student-conduct-ethical-development/about-us/contacts.aspx

The University reserves the right to make changes to the Student Code of Conduct as necessary. The Code shall be reviewed periodically by a committee which shall include student representation under the direction of the Director of SCED.

*History–New 9-23-85, Formerly 6C4-6.021, Amended 5-27-92, 7-26-92, 12-2-92, 12-29-94, 4-11-99, 9-27-05, Formerly 6C4-6.0021 F.A.C., Amended 6-5-08, 6-25-09, 9-22-11, 12-02-13, 1-6-14 (technical), 6-23-14 (technical), 5-14-15 (technical), 8-19-16 (technical), 9-28-18, 4-12-19 effective 5-6-19 (technical), 5-16-19 (technical), 8-26-19 (technical), 6-2-20 (Amended), 8-14-20 (Amended), 8-24-21 (Amended), 9-9-21 (technical)..*

*Consolidation Amendments Effective: 7-1-20*

*Biennial Review: See Policy 0-001*

*Certification: USF certifies that it has followed the Florida Board of Governors Regulation Development Procedure and has a record of written notices, comments, summaries and responses as required.*