## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
|  | ) |  |
| Daniel A. Frishberg, | ) |  |
| Plaintiff, | ) |  |
| v. | ) | Case Number: 8:24-cv-00022-TPB-NHA |
|  | ) |  |
| University Of South Florida's Board Of Trustees, | ) |  |
| HRSE-Capstone Tampa, LLC, | ) |  |
| Defendants[1]. | ) |  |
|  | ) |  |

# PLAINTIFF'S MOTION[2] TO INCREASE PAGE LIMIT FOR PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MEMORANDUM OF LAW/MOTION TO DISMISS

Daniel A. Frishberg, the Plaintiff ("Mr. Frishberg"[3], the "Plaintiff") respectfully files this Motion (the "Motion"), pursuant to Local Rule 3.01(b) to increase the page limit for his reply to the Defendants' Motion To Dismiss filed at ECF Docket No. 16.

---

[1] All of the Defendants are represented by the same counsel.
[2] And request for clarification over Local Rule 3.01(c) timeline.
[3] As well as various first person variations. I am sorry if this is weird for it to be partially in the first person, and partially in the third person, but all of the filings I have read are in the third person (not *pro se*).

**Preliminary Statement**

The Defendants raise numerous arguments in their Motion To Dismiss[4] at ECF Docket No. 16, and include a substantial amount of exhibits in the declaration of Andrew Johnson at ECF Docket No. 17 (the "Declaration"). I cannot adequately reply to their allegations (including for failure to state a claim) within the 20 page word limit.

**ARGUMENT**

I was struggling to get my page count under 20 pages while using 12 size Times New Roman Font. After learning of Local Rule 1.08[5], it became impossible for me to be confident that I would be able to adequately respond to the Defendants' Motion To Dismiss in such a small amount of space.

The Defendants included a total of 53 pages in their Motion To Dismiss, and 129 pages in the Johnson Declaration. I believe that even a lawyer would struggle with responding to their Motion to Dismiss in only 20 pages (a lot of space is taken up by the header/titling and formatting).

---

[4] ECF Docket No. 16 is titled differently, but pursuant to the order of the Court at ECF Docket No. 20, it is to be treated as a Motion to Dismiss.
[5] Changing the formatting to comply with the rule added over 5 pages.

The proposed response length would be approximately 35[6] pages (including a small handful of counter exhibits, such as the screenshot from the security footage from Defendant Exhibit 17, showing me in the common area with the ESA, which they did not include). As I have, I will do my best to prevent duplication of any citations and arguments. The scope of the response (as ordered[7] by this Court) is quite complex, and involves complicated constitutional issues.

I am unsure if this is the proper place to raise this issue, but pursuant to Local Rule 3.01(c), I should have 21 days from the service of the Motion to Dismiss to respond to it, which would be February 6th[8]. I am also traveling on the 29th-31st to pick up my property from USF, which further complicates things for me. Extending my time to respond would make things easier, as I am not confident that my reply is as good as it could be, and a few days extra to work on it would be helpful.

Respectfully Signed,

Daniel Frishberg, *Pro Se*

/s/*Daniel A. Frishberg*

---

[6] I will try to keep the length as short as possible, and it will likely be a few pages less. I am just requesting 35 out of an abundance of caution.
[7] The order sets a deadline to respond by January 31st, 2024, which is 16 days after the Motion was served. Local Rule 3.01(c) allots 21 days to respond to a Motion To Dismiss.
[8] As I did not know it was a Motion To Dismiss until the hearing on the 16th.