# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Daniel A. Frishberg, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 8:24-cv-00022-TPB-NHA |
| | ) |
| University Of South Florida's Board Of Trustees, | ) |
| HRSE-Capstone Tampa, LLC, | ) |
| Defendants. | ) |

## DECLARATION OF DANIEL FRISHBERG

I, Daniel Frishberg, verify the following information under 28 U.S.C. § 1746 and under penalty of perjury.

1. The facts set forth in this declaration are true and correct. Unless otherwise indicated, the facts set forth below are based on my personal knowledge.

2. My name is Daniel Frishberg, and I am over eighteen (18) years of age. I am the Plaintiff in the listed case, and was a resident of the Pinnacle Hall dormitory.

3. In my complaint I have alleged numerous ongoing violations of Federal and State law.

4. At no point during my tenure as a resident of Pinnacle Hall did I allow my Emotional Support Animal ("ESA") to "roam the common area unaccompanied".

5. I do not ever recall being told that I could access "all of the common areas of the building with a restrained animal"[1]. I have checked my records, and I do not have a record of that being communicated to me either.

6. To the best of my knowledge, all of the "reports of students who found the cat in the lobby" involved me, as I was in the common area.

7. I was asked to not allow my ESA onto counters for sanitary reasons, and I complied. After that point, I did not allow my ESA to be on any of the counters in the kitchenette.

8. I would not let my ESA out of my room for "for the comfort of the cat" (emphasis removed). I would take him into the common area to help deal with the symptoms of my disabilities. I did give my ESA whining as a reason to my peers, since I did not want to disclose my disability, and other sensitive information.

9. The statement alleging that I "was not even present" when my ESA was in the common area is false. I never admitted to not being present in the common area when my ESA was outside of my room, bar a handful of times when my ESA *slipped* out, and I did not realize that he was outside

---

[1] I was told that I could only be in the common area with my ESA if he was in his cat carrier (when I was presumably taking him to the vet, etc).

of my room. Once I realized that he was outside of my room, I would return him to the room.

10. The Defendants failed to include the below screenshot (censoring added by me) showing me in the common area with my ESA. The Defendants also failed to include other angles[2] of the common area which would show me in the common area.



11. It was my understanding that I was not allowed to bring my ESA outside of my room unless I was transporting him inside of his carrier.

12. I was never offered the option to put a leash on my ESA and be in the indoor common area with him.

---

[2] There is a camera near the red "EMERGENCY EXIT" above my head in the image. There is also another camera just outside this screenshot, and it would be in the upper left of the screenshot if the angle showed it.

13. The only times that I would allow[3] my ESA to be in the common area without me, was during one of the extremely few times when I would enter my room to get something. Before leaving my ESA, I would ensure that one of my friends was holding my ESA.

14. I was verbally told by a dorm RA (a student employee of USF) that my ESA cannot be outside of my room unless I am transporting him in his cat carrier.

15. I followed all of the rules/policies of USF, other than the ESA rules.

16. It was my understanding that Section II, subsection C. of USF's "Animals On Campus"[4] policies overrode the prohibition on ESA's in common areas, as it stated that "USF will follow all federal and state laws with regard to accommodations".

17. Everything in my filings, including this declaration, is my own work, and I did not receive assistance from any lawyers in drafting them.

I hereby state that to the best of my knowledge, information, and belief, all of the aforementioned is true and correct.

Respectfully Signed,
/s/*Daniel A. Frishberg*, Pro Se
Dated: February 5, 2024

---

[3] It seemed much easier to do this, than to carry my ESA into my room, and then carry him out after grabbing something. This would usually last no more than 30 seconds, and in a few rare instances was up to two minutes.

[4] https://www.usf.edu/regulations-policies/documents/policy-6-033.pdf