Daniel A. Frishberg
*Pro Se*

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| | **)** |
| Daniel A. Frishberg, | **)** |
| *Plaintiff*, | **)** |
| v. | **)** Case Number: 8:24-cv-00022-TPB-NHA |
| | **)** |
| University Of South Florida's Board Of Trustees, | **)** |
| HRSE-Capstone Tampa, LLC, | **)** |
| *Defendants*. | **)** |
| | **)** |

## APPELLANT'S DESIGNATION OF (I) QUESTIONS ON APPEAL (II) RECORD ON APPEAL

1. Did the District Court err by dismissing the Plaintiff's complaint/case based on a hyper technicality (bringing the suit under the Fair Housing Act instead of under the Rehabilitation Act) made due to the Plaintiff's lack of legal training? Rule 8 of the Federal Rules of Civil Procedure provides that "[p]leadings must be construed so as to do justice". Were the pleadings "construed so as to do justice"?

2. Did the District Court err in denying leave to amend Count 5, 11 (in part), and 12 as independent causes of action into causes of action under the Rehabilitation Act or otherwise allowing them to proceed under Section 1983?

3. Did the District Court err in denying the Plaintiff's request to amend the complaint under FRCP Rule 15, when the Plaintiff stated that he "may have improperly plead numerous claims"? In footnote 48 of the Plaintiff's response to the Defendants' motion to dismiss,

he stated: "[Plaintiff may have improperly plead numerous claims] Including not specifically naming several claims [like the Rehabilitation Act] in the Plaintiff's original complaint. This Court may interpret this as a request to amend the complaint under FRCP Rule 15, but the Plaintiff is unsure if that is necessary".

4. Did the District Court err by dismissing the Plaintiff's Complaint without first allowing the Plaintiff to correct a mistake made by not pleading/including a claim under the Rehabilitation Act? Should the District Court have interpreted the Plaintiff's claims as being brought under the Rehabilitation Act?

5. Should the District Court "have explain[ed] the correct form to the *pro se* plaintiff so that [he] could have amended his pleadings accordingly", to bring claims under Section 1983, and the Rehabilitation Act? And would "[it] have been appropriate for the district judge to explain the correct form to the *pro se* plaintiff so that [he] could have amended his pleadings accordingly.", to fix the overall deficiencies that are able to be fixed[1], instead of dismissing the complaint[2]?

6. Should the District Court have allowed the Plaintiff to amend his complaint to include causes of action against defendants as individuals under Section 1983? The Plaintiff stated that he "can add or remove Defendants to name them individually"[3]. Did the District Court err by dismissing claims that could have been brought under Section 1983 instead of explaining the defects to the Plaintiff, and allowing him to amend his complaint?

---

[1] The Plaintiff recognizes that the District Court ruled that the Defendants cannot be sued in Federal Court under the Fair Housing Act, but the Court did not rule that injunctive relief cannot be granted to give the Plaintiff the relief requested via a Section 1983 claim against individuals. While the relief would not be against USF (technically), it for all intensive purposes would accomplish what the Plaintiff wants— for the discrimination to stop.
[2] Quotes from: 404 U.S. 519, 521 (1972), citing *Henry Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991).
[3] Dkt. No. 24, footnote 6, and footnote 15.

7. Did the District Court err in denying leave to amend Count 5, 11 (in part), and 12 as independent causes of action into causes of action under the Rehabilitation Act or otherwise allowing them to proceed under Section 1983?

*[Rest of the page is intentionally left blank.]*

# <u>RECORD ON APPEAL</u>

1. *COMPLAINT against HRSE-Capstone Tampa, LLC, University of South Florida Board of Trustees* (Dkt. No. 1)

2. *MOTION for Preliminary Injunction, MOTION for Temporary Restraining Order* (Dkt. No. 4).

3. *ORDER. "Plaintiff's Emergency Motion for [an] Injunction, or in the Alternative, a Temporary Injunction/Restraining Order."* (Dkt. No. 9)

4. *STATUS report by Daniel A. Frishberg (Attachments: 1 Exhibit A).* (Dkt. No. 15, with attachment).

5. *RESPONSE to Plaintiff's Emergency Motion for an Injunction and Defendant's MOTION to Dissolve by HRSE-Capstone Tampa, LLC, University of South Florida Board of Trustees* (Dkt. No. 16, **without** any attachments)

6. *Minute Entry. Virtual Proceedings held before Judge Thomas P. Barber: MOTION HEARING held on 1/16/2024 re 4 MOTION for Preliminary Injunction MOTION for Temporary Restraining Order filed by Daniel A. Frishberg. Court Reporter: Rebekah Lockwood (SRC)* (Dkt. No. 18)

7. *NOTICE by HRSE-Capstone Tampa, LLC, University of South Florida Board of Trustees re 1 Complaint of Acceptance of Service of Summons and Plaintiff's Complaint* (Dkt. No. 19)

8. *ENDORSED ORDER Dissolving Temporary Restraining Order* (Dkt. No. 20)

9. *MOTION to Increase Page Limit for Plaintiff's Response to the Defendant's Memorandum of Law/Motion to Dismiss.* (Dkt. No. 22)

10. *ENDORSED ORDER: "Plaintiff's Motion to Increase Page Limits for Plaintiff's Response to the Defendants' Memorandum of Law/Motion to Dismiss"* (Dkt. No. 23)

11. *Plaintiff's REPLY to Response to Motion re 16 MOTION to dismiss* (Dkt. No 24)

12. *DECLARATION of Daniel Frishberg re 24 Reply to Response to Motion* (Dkt. No 25)

13. *ORDER: Defendants' motion to dismiss* (Dkt. No. 27)


## <u>REQUEST FOR *PRO SE* RELIEF</u>

Rule 8 of the Federal Rules of Civil Procedure provides that "[p]leadings must be construed so as to do justice." The spirit of this rule applies no less on appeals–especially ones where the appellees are a State, than it would in a regular case. I formatted this filing as best I could, and as I believed was proper. If I made a mistake, I apologize.


If I ask questions that could be re-worded to be proper, but don't get them perfectly right, I ask that Your Honor(s) construe them liberally. This appeal is not just about discrimination faced by me, but about discrimination faced by all students with ESA's at USF. I was just the one impacted most, and the rule changes I am seeking will positively impact hundreds, if not thousands of students. If I could have better case law in my brief, but my arguments are the right and just ones, and the ones that advance substantial justice, I ask that you consider the spirit of the arguments and additional case law that proves my point(s).


As I am a *pro se* filer, and have not gone to law school, I do not understand the law as well as a lawyer would. I ask that the Court interpret my filings liberally, and to allow me to

correct any mistakes in my pleadings, and to give me a clear opportunity to have my exhibits entered into the record. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) ("This policy of liberally construing pro se submissions is driven by the understanding that "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

As the Supreme Court of the United States said in *Haines v. Kerner*, "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 404 U.S. 519, 520-521 (1972), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

This Court has the ability to "liberally" construe my requests. The Supreme Court has instructed the federal courts to apply the standard that a pleading filed pro se is "to be liberally construed." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018) (per curiam) (holding that "[i]n considering the defendants' motion to dismiss, the District Court was required to interpret the pro se complaint liberally"); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). I ask that if anything is in the wrong format, or cites the wrong state statute/code or the wrong subsection or law, or I make citation mistakes, or my filings do not perfectly set forth all facts needed to plead my claims, that you allow me to correct any deficiencies. If I also misunderstand

some of the local rules, or have defects by technicality (like not suing the Board of Trustees, and suing the University instead), I request that you allow me to correct it. I will act in good faith to ensure that the Defendants have sufficient notice of all filings.

See *Chambers v. Eppolito*, No. 11-cv-355-PB, 2011 WL 4436285, at *1 (D.N.H. Aug. 24, 2011) (holding that "[i]n conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals"). *See also Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("[I]f [the pro se litigants] present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled.").

As the Supreme Court of the United States said in *Haines v. Kerner*, "the district judge should have explain[ed] the correct form to the *pro se* plaintiff so that [he] could have amended his pleadings accordingly. Instead of simply dismissing the complaints for naming federal agencies as the defendants, it would have been appropriate for the district judge to explain the correct form to the *pro se* plaintiff so that [he] could have amended his pleadings accordingly." 404 U.S. 519, 521 (1972), citing *Henry Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991). I apologize if any of my arguments/citations are not up to the standard of an attorney's, I am doing the best that I can. Thank you for your consideration.

Respectfully submitted,
*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
April 24, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2024, a true and correct copy of Daniel A. Frishberg's

*Designation Of (I) Questions on Appeal (II) Record on Appeal* was filed with the Clerk of the

United States District Court for the Middle District of Florida and served upon Chambers, and

the Defendants in the case.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
April 24, 2024