UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Daniel A. Frishberg, ) | |
| Plaintiff, ) | |
| v. ) | Case Number: 8:24-cv-00022-TPB-NHA |
| ) | |
| University Of South Florida's Board Of Trustees, ) | |
| HRSE-Capstone Tampa, LLC, ) | |
| Defendants. ) | |

# MOTION FOR RECONSIDERATION

Daniel A. Frishberg, (the "Plaintiff") hereby respectfully files this Motion (the "Motion") for reconsideration (or whatever the proper term for a motion seeking this relief is) of the Order Denying (Dkt. No. 32) the Plaintiff's *Request For Leave To Appeal In Forma Pauperis/Request For Clarification* (Dkt. No 31). In support of his requested relief, the Plaintiff respectfully states as follows:

## Introduction

In the Plaintiff's original Motion for leave to appeal (the "Original Motion"), the Plaintiff failed to show elements as required by Fed. R. App. P. 24(a)(1)(C). The Plaintiff now seeks to correct this error, as he was not aware that

he needed to show those elements. The Plaintiff also requests *pro se* relief, such as he has already previously requested.

## ARGUMENT

The Plaintiff's Motion should be granted, as the appeal is not frivolous, and includes serious questions requiring judicial review (*See* **Exhibit A** for the *Designation Of Questions On Appeal*). The Plaintiff was not aware of the need for supporting documents, as he was under the belief that leave to appeal in forma pauperis is only required when the District Court issues a finding that the appeal is frivolous, which did not occur in this case at the time the Motion was filed.

This Motion should be **GRANTED** as it has all of the required supporting documentation, including the financial disclosures (*See* **Exhibit B**, attached as a separate file which was filed as an attachment via the *pro se* portal). As the disclosures show, the Plaintiff cannot afford the $600 appeal fee.

The Plaintiff's appeal is not frivolous, let alone frivolous ***solely*** because it disagrees with the Court's ruling (if that was the case, it would make all appeals 'frivolous'). Rule 8 of the Federal Rules of Civil Procedure provides that "[p]leadings must be construed so as to do justice", the Plaintiff does not believe that this occurred in this case.

The Plaintiff believes that the District Court has failed to follow the instructions of the Supreme Court. The Supreme Court has instructed the federal courts to apply the standard that a pleading filed pro se is "to be liberally construed." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018) (per curiam) (holding that "[i]n considering the defendants' motion to dismiss, the District Court was required to interpret the pro se complaint liberally"); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).

The Plaintiff means no disrespect to the District Court by appealing the District Court's order.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521(1972), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements." *Boag v.*

*MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. U.S. District Court*, 956 F.2d 295 (D.C.Cir. 1992); *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir. 1991). The Plaintiff believes that he *can* prove a set of facts in support of his claim which would entitle him to relief, and that he has already done so.

The Defendants do not have immunity to actions brought under the Rehabilitation Act, that much is undisputed by all parties. In the order that is on appeal, the District Court did ***not*** rule that the set of facts presented by the Plaintiff would not entitle him to relief. The District Court ruled that it lacked jurisdiction over the claims because the "Plaintiff's housing discrimination or retaliation claims in these counts are not brought under the Rehabilitation Act" (Dkt. No. 27). The Plaintiff is appealing the order because he believes that the District Court should have allowed him to amend his complaint to include claims under the Rehabilitation Act, or interpreted the claims as being under the Rehabilitation Act.

What occurred in this instance is the Plaintiff's "confusion of legal theories" and his "unfamiliarity with pleading requirements". *See Boag v. MacDougall*, 454 U.S. 364 (1982).

The Plaintiff's failure to include supporting documentation in his request for leave to appeal *in forma pauperis*, was because the Plaintiff did not know he had to submit it, as he had been previously granted *in forma*. The Plaintiff has now included the supporting documentation, as well as a copy of the Designation of Questions on Appeal.

## **CONCLUSION**

For the aforementioned reasons, the relief requested should be **GRANTED**. The Plaintiff cannot afford to pay the appeal fees (as is shown in **Exhibit B**), and due process is not only afforded to those who can afford it. The Plaintiff's previous failure to submit the required documentation was because of a misunderstanding of what the Plaintiff needed to do. What matters most, is the facts at hand, and the issues raised by the Plaintiff, and not a few relatively minor mistakes made by the Plaintiff. The Plaintiff is not asking the Court to act as his "de facto counsel", but to simply allow him to fix mistakes that he makes, and "explain the correct form" (*See Haines v. Kerner*) of pleadings, and requirements to the Plaintiff.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) ("This policy of liberally

construing pro se submissions is driven by the understanding that "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training". The Plaintiff requests that in the event the District Court denies this Motion, that it at a minimum, issue[1] a Appeal Case number, so the Plaintiff is able to file a motion there under FRAP 24(a)(5)

Respectfully submitted,
*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
April 24, 2024
Santa Clara County, California

*[Rest of the page is intentionally left blank.]*

---

[1] Or allow the Appeals Clerk to issue.

## Local Rule 3.01(g) Certification

The Plaintiff hereby certifies that he has requested a meet and confer with the Defendants to discuss the requested relief in the above Motion. The Defendants have responded to the Plaintiff's request to meet and confer, and stated that they oppose the Motion.


Respectfully submitted,
*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
April 24, 2024



*[Rest of the page is intentionally left blank.]*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2024, a true and correct copy of Daniel A. Frishberg's *Motion For Reconsideration* was filed with the Clerk of the United States District Court for the Middle District of Florida and served upon Chambers, and the Defendants in the case.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
April 24, 2024

*[Rest of the page is intentionally left blank.]*

## Exhibit A:

Did the District Court err by dismissing the Plaintiff's complaint/case based on a hyper technicality (bringing the suit under the Fair Housing Act instead of under the Rehabilitation Act) made due to the Plaintiff's lack of legal training? Rule 8 of the Federal Rules of Civil Procedure provides that "[p]leadings must be construed so as to do justice". Were the pleadings "construed so as to do justice"?

1. Did the District Court err in denying leave to amend Count 5, 11 (in part), and 12 as independent causes of action into causes of action under the Rehabilitation Act or otherwise allowing them to proceed under Section 1983?

2. Did the District Court err in denying the Plaintiff's request to amend the complaint under FRCP Rule 15, when the Plaintiff stated that he "may have improperly plead numerous claims"? In footnote 48 of the Plaintiff's response to the Defendants' motion to dismiss, he stated: "[Plaintiff may have improperly plead numerous claims] Including not specifically naming several claims [like the Rehabilitation Act] in the Plaintiff's original complaint. This Court may interpret this as a request to amend the complaint under FRCP Rule 15, but the Plaintiff is unsure if that is necessary".

3. Did the District Court err by dismissing the Plaintiff's Complaint without first allowing the Plaintiff to correct a mistake made by not pleading/including a claim under the Rehabilitation Act? Should the District Court have interpreted the Plaintiff's claims as being brought under the Rehabilitation Act?

4. Should the District Court "have explain[ed] the correct form to the *pro se* plaintiff so that [he] could have amended his pleadings accordingly", to bring claims under Section 1983, and the Rehabilitation Act? And would "[it] have been appropriate for the district judge

    to explain the correct form to the *pro se* plaintiff so that [he] could have amended his pleadings accordingly.", to fix the overall deficiencies that are able to be fixed[2], instead of dismissing the complaint[3]?

5. Should the District Court have allowed the Plaintiff to amend his complaint to include causes of action against defendants as individuals under Section 1983? The Plaintiff stated that he "can add or remove Defendants to name them individually"[4]. Did the District Court err by dismissing claims that could have been brought under Section 1983 instead of explaining the defects to the Plaintiff, and allowing him to amend his complaint?

6. Did the District Court err in denying leave to amend Count 5, 11 (in part), and 12 as independent causes of action into causes of action under the Rehabilitation Act or otherwise allowing them to proceed under Section 1983?

*[Rest of the page is intentionally left blank.]*

---

[2] The Plaintiff recognizes that the District Court ruled that the Defendants cannot be sued in Federal Court under the Fair Housing Act, but the Court did not rule that injunctive relief cannot be granted to give the Plaintiff the relief requested via a Section 1983 claim against individuals. While the relief would not be against USF (technically), it for all intensive purposes would accomplish what the Plaintiff wants— for the discrimination to stop.

[3] Quotes from: 404 U.S. 519, 521 (1972), citing *Henry Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991).

[4] Dkt. No. 24, footnote 6, and footnote 15.