UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL A. FRISHBERG,

    Plaintiff,

v.                                                     Case No. 8:24-cv-22-TPB-NHA

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.

_____/

**<u>ORDER DENYING PLAINTIFF'S "MOTION FOR RECONSIDERATION"</u>**

This matter is before the Court on Plaintiff Daniel A. Frishberg's *pro se* "Motion for Reconsideration," in which he seeks to proceed on appeal without costs, filed on April 24, 2024. (Doc. 34). The Court previously denied Plaintiff's motion to proceed on appeal without costs after finding that the appeal was not taken in good faith because Plaintiff failed to present any issues for appeal and failed to provide any financial information. (Doc. 32).

Under certain circumstances, a party may proceed *in forma pauperis* in federal court pursuant to 28 U.S.C. § 1915, which authorizes any court of the United States to allow indigent persons to prosecute, defend, or appeal suits without prepayment of costs. *See, e.g.,* 28 U.S.C. § 1915; *Coppedge v. United States*, 369 U.S. 438, 441 (1962). However, a party may not proceed on appeal *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith requires that the appeal present a nonfrivolous question for review. *Cruz v. Hauck*, 404 U.S. 59, 62 (1971). If the plaintiff has little or no chance of success, an appeal is

frivolous. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). An appeal is also frivolous when it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Upon review, the Court finds that Plaintiff's motion to appeal without costs fails to establish the existence of a reasoned, nonfrivolous argument raised on appeal. Although Plaintiff has now put forth issues that he intends to present on appeal, his appeal fails to present issues with arguable merit either in law or fact.[1]

Most of the issues presented for appeal by Plaintiff relate to his *pro se* status. Although a court more liberally construes the pleadings of a *pro se* plaintiff, "even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019) (quoting *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). The Court construed the complaint liberally; it simply declined to act as *de facto* counsel for Plaintiff.

Many of the issues raised by Plaintiff relate to the Court's dismissal of the case without leave to amend the complaint, and whether the Court should have instead specifically told Plaintiff how to amend his complaint to state viable claims. Although Plaintiff requested leave to amend, he improperly did so through an embedded request

---

[1] The Court notes that Plaintiff's intent to present argument that the Court erred by dismissing certain claims as independent causes of action when those claims are in fact not independent causes of action is *particularly frivolous*.

in his response in opposition rather than filing an independent motion that contained the substance of the proposed amendment. *See* Fed. R. Civ. P. 7(b), 15(a); *Advance Trust & Life Escrow Services, LTA v. Protective Life Ins. Co.*, 93 F.4th 1315, 1336 (11th Cir. 2024) (request for leave to amend not properly before district court when embedded in response in opposition); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 2018) (same).  As such, the request for leave to amend was not properly before the Court.

Even if the request to amend was somehow properly before the Court, amendment would have been futile because under the facts alleged by Plaintiff, which the Court accepts as true, there is no viable Rehabilitation Act claim.  The Court is not required to permit amendment to assert futile claims.  *See Rance v. Winn*, 287 F. App'x 840, 841-42 (11th Cir. 2008) (district court did not err by dismissing *pro se* complaint without leave to amend where, among other things, amendment would have been futile); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (court need not permit amendment where amendment would be futile).

Consequently, the Court concludes that the appeal is not taken in good faith. "Plaintiff's Motion for Reconsideration" (Doc. 34) is therefore **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th of April, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE