UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIEL A. FRISHBERG,**

    **Plaintiff,**

vs.                                      Case No.: 8:24-cv-22-TPB-NHA

**UNIVERSITY OF SOUTH**
**FLORIDA BOARD OF TRUSTEES,**
**HRSE-CAPSTONE TAMPA, LLC**

    **Defendants.**
_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT OUT OF TIME AND FOR E-FILING PERMISSIONS

Defendants, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES and HRSE-CAPSTONE TAMPA, LLC ("Defendants"), submit their opposition to Plaintiff's Motion for Leave to File Amended Complaint Out of Time (Dkt. No. 41; Out of Time Motion) and Motion for E-Filing Permissions (Dkt. No. 43; E-filing Motion) for lack of jurisdiction.

In the Out of Time Motion, Plaintiff seeks leave to file the Amended Complaint out of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), asserting that no dismissal order has been entered and seeking additional time to file the amended complaint. The Out of Time Motion must be denied for several reasons. First, the Court has dismissed this action, as reflected in its November 3, 2025, order, which was entered prior to the filing of the Out of Time Motion. Next, under the controlling

Eleventh Circuit precedent, this Court lacks jurisdiction because it properly dismissed this case after Plaintiff failed to file the timely pleading or a motion for extension of time prior to the expiration of the deadline. Consistent with the Eleventh Circuit's ruling,[1] the Court dismissed this case with leave to amend and provided a deadline for filing the amended complaint. When Plaintiff did not file the amended complaint or a motion to extend time prior to or by the deadline, the Court's dismissal became a final judgment. This Court does not have subject-matter jurisdiction to accept a belated amended complaint or grant the E-filing Motion or Out of Time Motion. As a result of Plaintiff's failure to act, the Court has properly dismissed this action.

Even if this Court were to conclude that it has jurisdiction to act, Rule 16, not Rule 6, would govern this request. Plaintiff failed to exercise diligence in complying with the Court's orders and therefore cannot establish good cause for modifying the deadline to amend. While Plaintiff had knowledge of the obligation to amend the Complaint since September 16, 2025, and admits that he was aware of the deadline prior to its expiration on October 31st, he failed to exercise diligence to meet this deadline by filing an amended complaint or a motion to extend the deadline. Plaintiff simply made a decision not to file the pleading or motion, even delaying in filing the Out of Time Motion until November 6th, and now wants to be relieved of the impact of that decision. If the Court were to accept his argument, it would undermine the finality of its orders.

---

[1] The Eleventh Circuit affirmed the dismissal without prejudice, but remanded only to provide leave to amend. (See Opinion (Dkt. No. 36) at 13).

The grounds for this response are more fully set forth in the accompanying memorandum of law.

## MEMORANDUM OF LAW

**I.     Procedural History and Facts**

On January 3, 2024, Plaintiff filed a sixteen-count Complaint (Dkt. No. 1), alleging violation of the federal Fair Housing Act ("FHA"), the Florida Fair Housing Act ("FFHA"), and the Americans with Disabilities Act ("ADA"), and breach of contract and quasi-contract claims, which Defendants sought to dismiss on several grounds. (See Defendants' Response to Plaintiff's Emergency Motion for an Injunction and Defendants' Motion to Dissolve (Dkt. No. 16; Motion to Dismiss)). Plaintiff responded to the Motion to Dismiss, but did not file a motion for leave to amend. (See Plaintiff's Response to the Defendant's Memorandum of Law/Motion to Dismiss (Dkt. No. 24)). On April 11, 2024, the Court granted Defendants' Motion to Dismiss, and dismissed the Complaint without prejudice (except for one count with prejudice) and without leave to amend. (See Order Granting Defendants' Motion to Dismiss (Dkt. No. 27; Dismissal Order)).

Prior to the entry of the Dismissal Order, the Court repeatedly warned Plaintiff of his obligation, despite his *pro se* status, to follow the procedural rules, including the rules set forth in the Federal Rules of Civil Procedure, and the Court's orders. Specifically, at the outset of the action, the Court warned Plaintiff that "even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida." (Order (Dkt. No.

3

5)). It also expressly instructed Plaintiff to review the Middle District of Florida's guide to assist pro se litigants proceeding in federal court, which is located on the Court's website. (Id.).

The Court again reminded Plaintiff of his obligation to comply with the rules in its order granting, in part, a motion for temporary restraining order. (Order Granting in Part and Denying in Part Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 9) ("Plaintiff should not assume that violations of court rules or other legal requirements will be overlooked. Even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida."). After the filing of the motion to dismiss, this Court twice reminded Plaintiff of his obligation to comply with the rules of procedure and Local Rules. (Endorsed Order (Dkt. No. 23) ("As the Court previously reminded Plaintiff (Doc. [9]), *pro se* litigants are required to comply with the rules of procedure and Local Rules."); Dismissal Order at 4 ("However, a *pro se* plaintiff must still confirm to procedural rules, and the Court does not have 'license to act as *de facto* counsel' on behalf of a *pro se* plaintiff."). Even after the dismissal order, the Court continued to remind Plaintiff that he is required to follow the rules despite his *pro se* status. (See Order Denying Plaintiff's "Motion for Reconsideration" (Dkt. No. 35) at 2-3).

Prior to the initial dismissal of this action, on March 4, 2024, the Court denied Plaintiff's request to file documents electronically. (See Endorsed Order (Dkt. No. 26)). In doing so, it observed that: "'It is the District's preferred policy to disallow *pro se* litigants access to electronic filing unless extenuating circumstances exist to justify

waiving CM/ECF procedures.'" (Id. (quoting Fisher v. District School Bd. of Collier County, No. 2:10-cv-512-FtM-29SPC, 2010 WL 3522215, at *1 (M.D. Fla. Sept. 7, 2010)). It explained that "Plaintiff has not shown good cause." (Id.). Thus, Plaintiff was well aware that he could not file documents electronically, and that the Clerk was sending documents to him via United States mail.

On April 15, 2024, Plaintiff filed his notice of appeal seeking review of the Court's Dismissal Order, and the case went to the Eleventh Circuit. (See Notice of Appeal (Dkt. No. 29)). Attached to this notice of appeal, Plaintiff filed a statement where he acknowledged that he regularly reviews "the docket sheet of this case so that [he] do[es] not miss a filing." (Id. at 3). On September 16, 2025, the Eleventh Circuit affirmed the Court's dismissal of this action, but remanded only for the Court to provide Plaintiff with leave to amend his complaint. (Opinion (Dkt. No. 36) at 13). Thus, instead of a dismissal without leave to amend, the Eleventh Circuit required dismissal with leave to amend.

Plaintiff received a copy of this ruling on September 16, 2025, by email from the Eleventh Circuit as well as United States mail from this Court. (See Exhibits A and B to this Response). Thus, as of September 16, 2025, Plaintiff was well aware that he was receiving the documents from the Court via mail, he needed to prepare and file an amended complaint, and that he could not file this pleading electronically. (See Endorsed Order (Dkt. No. 26)). He also previously had represented that he had a PACER account and was checking the docket regularly to ensure that he did not miss any filings. (See Notice of Appeal at 3). Nonetheless, he also did not seek permission

5

to file or receive documents electronically until November 6, 2025, six days after the deadline to amend his complaint. (See E-filing Motion).[2] Plaintiff had more than 45 days to prepare and file an amended complaint.

On October 17, 2025, the Eleventh Circuit issued its mandate, confirming the opinion was the judgment of the court. (See Judgment (Dkt. No. 37)). Plaintiff received the mandate by electronic mail from the Eleventh Circuit that same day as well as by United States mail from this Court. (See Exhibits C & D to this Response).

Also on October 17, 2025, this Court entered an Order, consistent with the Eleventh Circuit's ruling, explaining that the Complaint was dismissed with leave to amend and directing Plaintiff "to file an amended complaint on or before October 31, 2025." (Endorsed Order (Dkt. No. 38)). This order was sent to Plaintiff by United States mail, as all of the previous orders had been. (Endorsed Order (Dkt. No. 38)).

Despite Plaintiff's representation that he has access to PACER and regularly reviews the docket to ensure that he does not miss a filing (see Notice of Appeal at 3), Plaintiff contends that he did not learn of this deadline until October 30, 2025. (Out of Time Motion at 1). Nonetheless, he admits that he was aware of the deadline prior to its expiration, but he did not file the amended complaint, nor did he file a motion to extend the deadline to do so.

---

[2] Notably, this motion is deficient for the same reasons that it was denied on March 4, 2024. It does not establish good cause or extenuating circumstances to file electronically.

After the deadline had passed without filing the amended complaint or a motion to extend time to do so, the Court dismissed this action without prejudice. (See Endorsed Order (Dkt. No. 39)). Three days after the Court dismissed this action, Plaintiff filed an untimely Out of Time Motion and E-filing Motion, which are legal nullities. For the reasons explained below, the Court lacks jurisdiction over this action, and these untimely motions must be denied.

## II.    Plaintiff's Out of Time Motion Makes Inaccurate Statements

Plaintiff has made several representations in the Out of Time Motion that are not accurate. For example, Plaintiff asserts: "Previously, Plaintiff had received electronic notice of filings/Orders Of The Court via email." (Out of Time Motion ¶ 1). As the exhibits to this Response show as well as the notices of electronic filing in the docket, Plaintiff has not received filings via email. (Exhibits B & D).

While Plaintiff contends that he did not receive Court's order granting leave to amend (Out of Time Motion ¶ 2), he previously represented that he had access to PACER and regularly monitored the docket. (Notice of Appeal at 3). He was aware of the need to file an amended complaint by September 16, 2025 (Exhibit A), and admits that he was aware of this deadline by October 30, 2025.

Plaintiff contends that he "immediately attempted to file the Amended Complaint electronically on October 30 and again on October 31." (Out of Time Motion ¶ 3). However, Plaintiff was aware that he was unable to file documents electronically, as the Court had denied his motion to do so. (Endorsed Order (Dkt.

7

No. 26)). By Plaintiff's own admission, the Clerk also informed him that he was unable to file documents electronically. (Out of Time Motion ¶ 4).

Plaintiff admits that he did not make any other arrangements to file either the amended complaint or a motion to extend the time to do so. (Id.). Instead, he contends that he sent "an email to chambers." (Id. ¶ 6). However, the Local Rules expressly prohibit such communication. See Local Rule 3.01(l) ("A party must not use a letter, email, or the like to request relief or to respond to a request for relief."). As recounted above, Plaintiff repeatedly was reminded that he must comply with the Local Rules. Indeed, at the outset of this case, the Court directed him to review the Court's Guide for Proceeding Without a Lawyer, which provides, in pertinent part:

- "The CM/ECF filing system is unavailable to non-lawyers. A litigant may file a document by hand-delivery, United States Postal Service, or a private mail service (like UPS or Federal Express)."
- "No filing may be in the form of a letter. Sending correspondence directly to a judge or a judge's chambers is improper."
- "You must file your complaint and other documents by mail or in person at a clerk's office."
- "You may file a document in the clerk's office in person or by mail."

Thus, Plaintiff was well aware of his obligation to file an amended complaint, the deadline to do so, and how he was to file that amended complaint. Even if Plaintiff became aware of the deadline on October 30th, he had an opportunity to file the

amended complaint, which could have been done in-person or by hand-delivery service, or even a motion to extend the deadline if there was good cause to do so. His assertion that he attempted to do electronically is meritless as he has known since March 4, 2024, that he was not permitted to file documents electronically.

Plaintiff also represents that "no docket entries have been made indicating dismissal or other action." (Out of Time Motion ¶ 7). However, the Court dismissed this action on November 3, 2025, which was before he filed this motion as well as prior to the date that he purportedly signed this motion.

Plaintiff contends that his delay in filing this motion was "caused by circumstances outside Plaintiff's control," but, as the foregoing establishes, that is not accurate. His failure to file was entirely within his control. He had notice of the deadline and the obligation to comply with it, as he had repeatedly been reminded of his obligations by this Court.

Plaintiff also failed to show due diligence in complying with the Court's Order. Plaintiff was aware of his obligation to prepare and file an amended complaint as of September 16, 2025. He also received the mandate on October 17, 2025. He was aware that he was receiving filings from the Court by United States mail and that he was not permitted to file documents electronically. He previously represented that he has access to PACER, and regularly reviews the docket to ensure that filings are not missed. The order was sent to him at the address that he provided to the Court.

Plaintiff admits that he was aware of the deadline by at least October 30th, but failed to take action to file either the amended complaint or a motion to extend the

9

deadline to do so. The Court offers many different ways for non-lawyers to file documents, including by mail, in-person, by hand-delivery through a courier service or other individual, or private mail service, such as UPS or FedEx. It provides notice of how individuals can file documents, which is set forth in detail in the Court's Guide for Non-Lawyers that Plaintiff was instructed to review at the outset of this case. Plaintiff was aware of his obligation prior to the deadline set by the Court and failed to exercise diligence to meet it. Plaintiff did not even file this Out of Time Motion until November 6, 2025, which was nearly a week after the deadline to amend and after the Court dismissed this action. Plaintiff offers no explanation or excuse for why he waited to file this motion.

### III. The Court Does Not Have Jurisdiction Over the Amended Complaint or this Action

As explained above, in accordance with the Eleventh Circuit's ruling, the Court dismissed this action with leave to amend and provided Plaintiff until October 31, 2025, to file the amended complaint, if any. (Dismissal Order (Dkt. No. 27); Endorsed Order (Dkt. No. 38)). Plaintiff did not file the amended complaint or request to extend that deadline by the deadline set by the Court. Instead, after this deadline passed and this action was dismissed, Plaintiff filed the Out of Time Motion and E-filing Motion.

Under Eleventh Circuit precedent, this Court's Order (Dkt. Nos. 27, 38) became a final judgment when neither an amended pleading nor a motion for extension of time was filed on or before October 31, 2025. Auto. Alignment & Body Serv. v. State Farm Mut. Auto. Ins. Co., 953 F.3d 707, 720 (11th Cir. 2020). In Auto. Alignment,

the Eleventh Circuit relied on its holding in Hertz Corp. v. Alamo Rent-A-Car, 16 F.3d 1126, 1132-33 (11th Cir. 1994) and concluded as follows:

> Hertz establishes that an order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension. And when the order becomes a final judgment, the district court loses "all its prejudgment powers to grant any more extensions" of time to amend the complaint.

Id. (citations omitted). It does not matter that the dismissal was without prejudice. Auto. Alignment & Body Serv., 953 F.3d at 707; see also Fernandez v. Freedom Health, Inc., Case No. 22-13823, 2023 U.S. App. LEXIS 16211, at *5 (11th Cir. June 27, 2023) ("When the judgment became final, the district court 'surrendered jurisdiction' and its orders entered 'after that time were a nullity and must be vacated.'"). As a result, district courts must apply Auto. Alignment to determine their continuing jurisdiction in the case. See, e.g., D'Amico v. Suskauer, Case No. 8:23-cv-1064-KKM-CPT, 2023 U.S. Dist. LEXIS 103060, at *1 (M.D. Fla. June 13, 2023) (holding the Court lost jurisdiction to conduct any prejudgment matters when the plaintiff failed to file an amended complaint by the deadline set by the court).

Here, Plaintiff plainly failed to file an amended complaint or seek an extension of time on or before October 31, 2025. Plaintiff was aware that despite his *pro se* status, he was required to follow the procedural rules and the Court's orders, and yet failed to do so. As a result, by operation of law, the Court's order dismissing this action became a final judgment, and the Court lacks continuing jurisdiction over this action to grant further extensions, such as the one sought in the Out of Time Motion.

11

Accordingly, both Plaintiff's Motion for Leave to File Amended Complaint Out of Time and Motion for E-Filing Permissions must be denied for lack of jurisdiction. See Holzworth v. Hilton Grand Vacations, Inc., Case No. 6:24-cv-2298-ACC-UAM, 2025 U.S. Dist. LEXIS 79517, at *3 (M.D. Fla. Mar. 20, 2025); D'Amico, 2023 U.S. Dist. LEXIS 103060, at **1-2; Disarro v. Ezricare, LLC, Case No. 2:23-cv-120-SPC-KCD, 2023 U.S. Dist. LEXIS 43748, at *1 (M.D. Fla. Mar. 15, 2023); Armstrong v. Fla. Dep't of Health, Case No. 8:22-cv-1024-KKM-CPT, 2022 U.S. Dist. LEXIS 155282, at *1 (M.D. Fla. Aug. 29, 2022).

### IV. Even If the Court Has Jurisdiction, Plaintiff Failed to Establish Good Cause to Extend the Deadline to Amend

In the Out of Time Motion, Plaintiff seeks relief under Rule 6(b) to extend the deadline to file the amended complaint. As set forth above, the Court does not have jurisdiction to grant this motion. But, even if it did, Plaintiff has failed to establish good cause for an extension of this deadline.

Once a deadline has been set by the Court, it "may be modified only for good cause" and with the judge's consent. Fed. R. Civ. P. 16(b)(4); see also Mt. Vernon Fire Ins. Co. v. National Fire Ins. Co. of Hartford, Case No. 8:07-cv-1593-T-24EAJ, 2008 WL 2397606, at *1-2 (M.D. Fla. June 10, 2008) ("In cases where a scheduling order has [been] entered, such schedule shall not be modified except upon a showing of good cause."). "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Rule 16 advisory

committee's note); see also Ashmore v. Sec'y, Dep't of Transp., 503 F. App'x 683, 685 (11th Cir. 2008); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.).

In other words, in order to establish good cause under Rule 16(b), Plaintiff must show that he exercised diligence in complying with the Court's schedule, i.e. he must show that, despite his diligence, he could not file this amended complaint by the deadline set in the order. HomeBingo Network, Inc. v. Cadillac Jack, Inc., Civil Action No. 05-0701-WS-B, 2006 WL 3469515, at *2 (S.D. Ala. Nov. 29, 2006).

Plaintiff has failed to establish good cause for this untimely filing. Indeed, as explained above, Plaintiff represented that he has access to PACER and regularly reviews the docket to ensure that he does not miss any filings. In the Out of Time Motion, he does not disclose when he reviewed PACER or learned of the Court's order from doing so. While Plaintiff contends that he did not receive the order by mail, he provides no evidence as to when he did receive it or the reason for the delay. Plaintiff's purported attempts to file electronically are not evidence of the exercise of diligence as he was well aware by March 4, 2024, that he was not permitted to file electronically. Plaintiff offers no explanation or evidence that he attempted to file the amended complaint or an extension motion by one of the many other means that the Court provides for filing, including hand-delivery by Plaintiff or any other individual or by private mail service on October 30th. Moreover, Plaintiff even delayed in filing this Out of Time Motion.

13

Plaintiff simply failed to comply with the Court's Order, despite the repeated warnings that he was required to follow the Court's orders and the procedural rules. He cannot show that he was unable to meet the deadline, even with the exercise of diligence. In fact, he did not act diligently in meeting the deadline, despite his knowledge of this obligation for more than 45 days and that the mandate had issued on October 17th. The delay is one entirely of his own making. Therefore, even if the Court had jurisdiction to grant this motion, it must be denied because he cannot show good cause to modify the deadline.

## **CONCLUSION**

As the foregoing establishes, the Court's Order (Dkt. No. 27, 38) became a final judgment when Plaintiff failed to file the amended complaint or a motion to extend time on or before October 31, 2025. This Court does not have jurisdiction to grant any further extension and properly dismissed this case on November 3, 2025. Even if the Court had jurisdiction to grant an extension, Plaintiff failed to act with diligence in meeting this deadline and therefore cannot establish good cause to modify this schedule. As a result, Plaintiff's Motion for Leave to File Amended Complaint Out of Time (Dkt. No. 41) and Motion for E-Filing Permissions (Dkt. No. 43) must be denied.

Dated this <u>20th</u> day of November, 2025.

                                                Respectfully submitted,

                                                *s/Sacha Dyson*
                                                SACHA DYSON
                                                Florida Bar No. 509191

>sdyson@bgrhlaw.com
>*Lead Counsel*
>JORDAN V. GETCHELL
>Florida Bar No. 1070185
>jgetchell@bgrhlaw.com
>BUSH GRAZIANO RICE & HEARING, P.A.
>100 S. Ashley Drive, Suite 1400
>Tampa, Florida 33602
>(813) 228-7000 (telephone)
>(813) 273-0091 (facsimile)
>ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this <u>20th</u> day of November, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A copy of the foregoing also was served via electronic mail and U.S. mail to the following:

Daniel A. Frishberg
284 Monroe Drive
Mountain View, CA 94040
Email: dannyfrishberg@gmail.com
PRO SE PLAINTIFF

>*s/Sacha Dyson*
>Attorney