UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Daniel A. Frishberg, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 8:24-cv-00022-TPB-NHA |
| | ) |
| University Of South Florida's Board Of Trustees, | ) |
| HRSE-Capstone Tampa, LLC, | ) |
| Defendants. | ) |

## PLAINTIFF'S RULE 60b(1) MOTION

Daniel Frishberg, the Plaintiff ("Mr. Frishberg", the "Plaintiff") respectfully files this Motion (the "Rule 60b Motion") under Rule 60b(1), and any other rules that are correct and proper for the requested relief.

## Introduction

Plaintiff respectfully submits this motion for relief under Rule 60(b)(1). Contrary to the Defendants' characterization, Plaintiff did not willfully disregard the Court's October 17 Order. Plaintiff did not learn of the Order's existence until approximately 4:00 p.m. on October 30, 2025—about twenty-four hours before the filing deadline—due to PACER access issues, not receiving notice via mail

1

and the absence of any electronic notice. Upon discovering the Order, Plaintiff acted diligently, swiftly and in good faith to comply, and any delay was the result of excusable neglect.

## I. Relevant Procedural Background

1. On October 17, 2025, this Court issued an order reopening the case following the Eleventh Circuit's mandate and directing Plaintiff to file an amended complaint no later than October 31, 2025. (Doc. 38).

2. Plaintiff did not receive notice of this order because his PACER account had become restricted due to an outstanding balance. **Plaintiff learned of the October 17 Order for the first time at approximately 4:00 p.m. on October 30, 2025**, when he contacted the Clerk's Office to inquire about the status of the docket. Until that time, Plaintiff had no reason to suspect that an order had been entered.

3. Plaintiff believed in good faith that he would be able to submit filings electronically, based on his prior experience receiving electronic notifications and submitting filings in the Eleventh Circuit. Plaintiff learned during a follow-up call to the Clerk's Office on October 31, 2025, that he could not file electronically and that filings by *pro se* litigants must

be submitted in person or by mail. By that point, the Clerk's Office had already closed for the day.

4. The Plaintiff had already prepared the amended complaint, and then prepared a motion for extension of time to file out of time, and a motion for permission to use electronic filing. These filings were mailed on November 4, 2025, less than two business days after the deadline, and as soon as possible after Plaintiff became aware he had missed the deadline due to PACER access issues and mail delays.

5. On November 3, 2025, before Plaintiff's mailed filings were docketed, the Court entered an order dismissing the case without prejudice for failure to file the amended complaint by the October 31 deadline. (Doc. 39).

6. Plaintiff now seeks relief based on excusable neglect under Rule 60(b)(1).

**II. Legal Standard — Rule 60(b)(1) and the *Pioneer* Factors**

Under Rule 60(b)(1), a court may relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." The Eleventh Circuit, and US Supreme Court have repeatedly held that cases should be decided on their merits rather than by procedural technicalities.

The Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380 (1993), adopted by the Eleventh Circuit, governs the "excusable neglect" inquiry. The Court considers:

1. Danger of prejudice to the opposing party
2. Length of the delay and its impact on judicial proceedings
3. The reason for the delay and whether it was within the movant's control
4. Whether the movant acted in good faith

Each factor supports relief here.

## III. Argument

**A. No Prejudice to Defendants**

The delay at issue was minimal—approximately a few days. Defendants have suffered no prejudice: the case was already pending for nearly two years, and the Eleventh Circuit remanded it precisely to permit amendment. Notably: Defendants were also served with the Amended Complaint before the deadline.

Defendants also rely heavily on Plaintiff's past representation—made over a year earlier—that he monitored the docket through PACER. That statement was

accurate *at the time,* but Plaintiff's PACER account subsequently became restricted. The account has now been fully restored after payment of the outstanding balance.

### B. The Delay Was Short and Had No Impact on the Proceedings

The missed deadline was brief, and Plaintiff acted promptly by mailing all filings on November 4, 2025.

### C. The Reason for the Delay Establishes Excusable Neglect

Plaintiff's delay stemmed from:

- Lack of PACER access due to an unpaid balance, preventing him from reviewing the docket;
- Mail-only filing restrictions because he was not granted e-filing privileges;
- *Pro se* status and reliance on physical mail, which routinely involves delays;
- The fact that the Plaintiff did not receive notice of the Court's October 17 order until he called the Clerk's office on October 30.
- The fact that the Court's October 17 order provided only a 14-day window, shorter than typical amendment deadlines.

These circumstances fall squarely within the types of "mistake" and "inadvertence" that *Pioneer* recognizes as excusable neglect, especially where a *pro se* litigant is involved.

### D. Plaintiff Acted in Good Faith

As soon as Plaintiff became aware of the missed deadline:

- As soon as reasonably possible, he immediately mailed the amended complaint and motions;
- He filed a motion for permission to use electronic filing to ensure this issue does not recur;
- He took steps to comply fully with all future deadlines.
- He paid his outstanding PACER balance thereby reactivating his PACER account.

Plaintiff's conduct shows diligence, not bad faith.

## IV. Response to Defendants' Assertions Regarding Accuracy of Plaintiff's Statements

Defendants contend that Plaintiff made "inaccurate statements" in his Motion for Leave to File Out of Time. These assertions mischaracterize the record and the circumstances under which a *pro se* litigant attempted in good faith to

6

comply with the Court's deadline and the applicable procedural rules. Plaintiff apologizes for any mistakes, and violation of rules. Plaintiff addresses each contention below.

**1. Allegation Concerning Prior Receipt of Electronic Notices**

Defendants state that Plaintiff inaccurately represented that he had "previously received electronic notice of filings." Plaintiff's statement referred to his experience during the appellate proceedings before the Eleventh Circuit—where he did, in fact, receive electronic notifications—not the district court docket after remand. Plaintiff acknowledges that participation in electronic notification at the appellate level does not automatically extend to CM/ECF access in the District court.

Plaintiff did not intend to represent that he received electronic notices from this Court after remand. Any misunderstanding was inadvertent and falls well within the scope of excusable neglect under *Pioneer*.

Plaintiff learned of the existence of the October 17th Order at approximately 4pm EST on October 30th, 2025.

This was a good-faith misunderstanding, not an attempt to mislead the Court. Such inadvertent confusion constitutes excusable neglect under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

## 2. Allegation Concerning PACER Access and Review of the Docket

Plaintiff's earlier statement—made in 2024—that he monitored the docket was accurate at the time. His PACER account later became restricted, preventing him from accessing the docket and therefore the Court's October 17 order. The account is now fully restored after payment of the balance.

The circumstances reflect an inadvertent lapse, promptly corrected, and fall squarely within Rule 60(b)(1).

## 3. Allegation Regarding Plaintiff's Attempt to Submit Filings Electronically

Defendants assert that Plaintiff should not have attempted electronic submission because he previously knew he lacked electronic filing privileges. Plaintiff attempted to upload his filings through the CM/ECF interface because he believed that he would be able to, as he had previously been able to for filings to the 11th Circuit. This was a misunderstanding, which will not happen again.

Plaintiff's filing of a motion requesting permission to e-file confirms his intention to comply with the Court's rules, not to circumvent them.

Pro se litigants routinely experience procedural confusion when interacting with CM/ECF systems, and courts applying *Pioneer* treat such confusion as excusable neglect, not misconduct.

### 4. Allegation Concerning Plaintiff's Email to Chambers

Defendants also criticize Plaintiff for sending an email to chambers. Plaintiff did so solely for the purpose of verifying whether his attempted filing had been received, not to request relief, present argument, or engage in ex parte communication, as he specifically copied Defendant's counsel on it. Plaintiff now fully understands Local Rule 3.01(l) and will not communicate with chambers in that manner moving forward. The email was sent in good faith during a time-sensitive attempt to meet a court-ordered deadline.

This isolated procedural error does not demonstrate bad faith and aligns with the type of inadvertence that *Pioneer* identifies as excusable neglect under Rule 60(b)(1).

### 5. Allegation Regarding Available Filing Methods

9

Defendants argue that Plaintiff could have used hand-delivery or courier services. Plaintiff did not have access to such services, had no vehicle, and did not have the financial means to arrange same-day courier delivery. By the time Plaintiff learned that electronic filing was not permitted, the Clerk's Office had already closed, making next-day hand-delivery impossible. Plaintiff mailed the filings on Tuesday, November 4th, which was one business full business day after the deadline. Plaintiff used the methods reasonably available to him under the circumstances.

Courts applying *Pioneer* evaluate the reasonableness of a litigant's actions in light of practical constraints. Plaintiff acted diligently and with the intent to comply.

### 6. Allegation Regarding Plaintiff's Preparedness To File

Defendants assert that Plaintiff waited "almost a week" after the deadline to file the Motions. This is incorrect. Plaintiff mailed the filings on November 4—one business day after dismissal (which he was unaware of at the time) and less than two full business days after the deadline.

## V. Request for Relief

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Vacate the dismissal order (Doc. 39) under Rule 60(b)(1);

2. Overrule the Defendant's Response/Objection.

3. Deem Plaintiff's Amended Complaint filed as of the date received by the Clerk's Office;

4. Alternatively, grant leave to re-file the Amended Complaint.

5. Grant any other relief the Court deems just and proper.

## CONCLUSION

Plaintiff made every reasonable effort, as a *pro se* litigant without electronic filing access, to comply with the Court's deadline once he became aware of it. The brief delay caused *no prejudice* and was promptly addressed. Rule 60(b)(1) and the *Pioneer* factors exist precisely for circumstances like this—where a litigant's honest mistake leads to a missed deadline but the equities plainly favor reinstatement.

Because this case was remanded specifically for adjudication of Plaintiff's Rehabilitation Act claim, dismissal based on a short and excusable oversight would frustrate the strong presumption in favor of resolving disputes on the merits. It would also only cause unnecessary delays and an undue burden on the Court to have Plaintiff refile this case. Plaintiff respectfully asks the Court to