## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DANIEL A. FRISHBERG,**

        **Plaintiff,**

**vs.**                                          **Case No.: 8:24-cv-22-TPB-NHA**

**UNIVERSITY OF SOUTH**
**FLORIDA BOARD OF TRUSTEES, etc.**

        **Defendants.**

_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 60(b)(1) MOTION

Defendants, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES and HRSE-CAPSTONE TAMPA, LLC ("Defendants"), submit their opposition to Plaintiff's Rule 60b(1) Motion (Dkt. No. 46; Motion to Vacate). In the Motion, Plaintiff seeks to set aside the November 3, 2025, Order (Dkt. No. 39; Order) dismissing this action without prejudice. The Motion must be denied.[1]

Plaintiff has failed to meet his burden to establish the extraordinary remedy of vacating the Court's Order.[2] Instead, Plaintiff, knowing the deadline to amend was October 31, 2025, chose not to take action to file a timely pleading and now wants to

---

[1] The Motion to Vacate does not include the signature of Plaintiff, as required by Rule 11, nor does it contain a certificate of conferral as required by Local Rule 3.01(g).

[2] Plaintiff seeks to vacate the Court's Order (Dkt. No. 39) confirming the dismissal of this action. However, that order merely confirmed the Court's lack of jurisdiction that arose when Plaintiff failed to file the amended complaint, or a motion to extend time, by the October 31, 2025, deadline. Even if the Court were to vacate this Order, it would have no impact on this case as the Court's jurisdiction ended upon Plaintiff's failure to comply with the Court's Order (Dkt. No. 38). Plaintiff does not seek to vacate Court's Order (Dkt. No. 38). Nonetheless, even if this Motion is construed as seeking such relief, it must be denied for the reasons stated herein.

be relieved of the impact of that decision.  If the Court were to accept his argument, which does not demonstrate excusable neglect but only his lack of diligence, it would undermine the finality of its orders. Plaintiff fails to present any extraordinary circumstances to warrant this relief, which is prejudicial to Defendant and the administration of justice.  This is at least the second time that Plaintiff has had an opportunity to proceed with his claim and failed to follow the court's order.  Plaintiff had an opportunity to litigate his claims in state court, but failed to follow the court's orders, which resulted in the dismissal of his action.

Plaintiff has failed to set forth facts or law of strongly convincing nature or demonstrate some reason why this Court should reconsider its prior decision.  Plaintiff fails to cite or present any authority to show that the Court's Order (Dkt. No. 39) is clearly erroneous or that vacating this order or any other decision of this Court is necessary to correct a manifest injustice.  Indeed, the untimely complaint Plaintiff has presented does not state a claim pursuant to the Rehabilitation Act.  (See Proposed Amended Complaint (Dkt. No. 41-2; Am. Compl.)).  Thus, there is no injustice from the dismissal when Plaintiff's own pleading does not state a claim.

Therefore, Plaintiff's Motion must be denied.  The grounds for this response are more fully set forth in the accompanying memorandum of law.

## MEMORANDUM OF LAW

### I.    Procedural History and Facts

On January 3, 2024, Plaintiff filed a sixteen-count Complaint (Dkt. No. 1), alleging violations of the federal Fair Housing Act ("FHA"), the Florida Fair Housing

Act ("FFHA"), and the Americans with Disabilities Act ("ADA"), and breach of contract and quasi-contract claims, which Defendants sought to dismiss on several grounds.[3]    (See Defendants' Response to Plaintiff's Emergency Motion for an Injunction and Defendants' Motion to Dissolve (Dkt. No. 16; Motion to Dismiss)). Plaintiff responded to the Motion to Dismiss, but did not file a motion for leave to amend.    (See Plaintiff's Response to the Defendant's Memorandum of Law/Motion to Dismiss (Dkt. No. 24)).    On April 11, 2024, the Court granted Defendants' Motion to Dismiss, and dismissed the Complaint without prejudice (except for one count with prejudice) and without leave to amend.    (See Order Granting Defendants' Motion to Dismiss (Dkt. No. 27; Dismissal Order)).

Prior to the entry of the Dismissal Order, the Court repeatedly warned Plaintiff of his obligation, despite his *pro se* status, to follow the procedural rules, including the rules set forth in the Federal Rules of Civil Procedure, and the Court's orders. Specifically, at the outset of the action, the Court warned Plaintiff that "even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida."  (Order (Dkt. No. 5)).    It also expressly instructed Plaintiff to review the Middle District of Florida's guide to assist pro se litigants proceeding in federal court, which is located on the Court's website.  (Id.).

---

[3] At the time this action was filed, Plaintiff already had a pending action in state court, which remained pending until June 20, 2025, when it was dismissed for lack of prosecution after Plaintiff failed to comply with the state court's orders.  (Response Ex. C).

3

The Court again reminded Plaintiff of his obligation to comply with the rules in its order granting, in part, a motion for temporary restraining order. (Order Granting in Part and Denying in Part Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 9) ("Plaintiff should not assume that violations of court rules or other legal requirements will be overlooked. Even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida."). After the filing of the motion to dismiss, this Court twice reminded Plaintiff of his obligation to comply with the rules of procedure and Local Rules. (Endorsed Order (Dkt. No. 23) ("As the Court previously reminded Plaintiff (Doc. [9]), *pro se* litigants are required to comply with the rules of procedure and Local Rules."); Dismissal Order at 4 ("However, a *pro se* plaintiff must still confirm to procedural rules, and the Court does not have 'license to act as *de facto* counsel' on behalf of a *pro se* plaintiff."). Even after the dismissal order, the Court continued to remind Plaintiff that he is required to follow the rules despite his *pro se* status. (See Order Denying Plaintiff's "Motion for Reconsideration" (Dkt. No. 35) at 2-3).

Prior to the initial dismissal of this action, on March 4, 2024, the Court denied Plaintiff's request to file documents electronically. (See Endorsed Order (Dkt. No. 26)). Thus, Plaintiff was well aware that he could not file documents electronically, and that the Clerk was sending documents to him via United States mail.

On April 15, 2024, Plaintiff filed his notice of appeal seeking review of the Court's Dismissal Order, and the case went to the Eleventh Circuit. (See Notice of Appeal (Dkt. No. 29)). Attached to this notice of appeal, Plaintiff filed a statement

where he acknowledged that he regularly reviews "the docket sheet of this case so that [he] do[es] not miss a filing." (Id. at 3). On September 16, 2025, the Eleventh Circuit affirmed the Court's dismissal of this action, but remanded only for the Court to provide Plaintiff with leave to amend his complaint. (Opinion (Dkt. No. 36) at 13). Thus, instead of a dismissal without leave to amend, the Eleventh Circuit required dismissal with leave to amend, which this Court provided.

Plaintiff received a copy of this ruling on September 16, 2025, by email from the Eleventh Circuit as well as United States mail from this Court. (See Defendants' Opposition (Dkt. No. 44) Exs. A & B). Thus, as of September 16, 2025, Plaintiff was well aware that he was receiving the documents from the Court via mail, he needed to prepare and file an amended complaint, and that he could not file this pleading electronically. (See Endorsed Order (Dkt. No. 26)). He also previously had represented that he had a PACER account and was checking the docket regularly to ensure that he did not miss any filings.[4] (See Notice of Appeal at 3). Nonetheless, he also did not seek permission to file or receive documents electronically until November 6, 2025, six days after the deadline to amend his complaint. (See E-filing Motion). Plaintiff had more than 45 days to prepare and file an amended complaint.

On October 17, 2025, the Eleventh Circuit issued its mandate, confirming the

---

[4] Plaintiff contends that this statement was made in 2024 and was not current in 2025. (Motion at 8). Yet, he made this same certification, under the penalty of perjury, in his Motion of E-filing Permissions (Dkt. No. 43) on November 6, 2025, without any indication that he was unable to access PACER – either currently or previously. (Plaintiff's Motion for E-filing Permissions (Dkt. No. 43; E-filing Motion) at 3 ("Plaintiff understands that he must regularly review the docket sheet of this case so that does not miss a filing."); see also Notice of Appeal (Dkt. No. 29)).

opinion was the judgment of the court.  (See Judgment (Dkt. No. 37)).  Plaintiff received the mandate by electronic mail from the Eleventh Circuit that same day as well as by United States mail from this Court.  (See Opposition Exs. C & D).

Also on October 17, 2025, this Court entered an Order, consistent with the Eleventh Circuit's ruling, explaining that the Complaint was dismissed with leave to amend and directing Plaintiff "to file an amended complaint on or before October 31, 2025."  (Endorsed Order (Dkt. No. 38)).  This order was sent to Plaintiff by United States mail, as all of the previous orders had been.  (Endorsed Order (Dkt. No. 38)).

Despite Plaintiff's representation that he has access to PACER and regularly reviews the docket to ensure that he does not miss a filing (see Notice of Appeal at 3), Plaintiff contends that he did not learn of this deadline until October 30, 2025. (Motion to Vacate at 1).  Nonetheless, he admits that he was aware of the deadline prior to its expiration, but he did not file the amended complaint, nor did he file a motion to extend the deadline to do so.

After the deadline had passed without filing an amended complaint or a motion to extend time to do so, the Court dismissed this action without prejudice.  (See Endorsed Order (Dkt. No. 39)).  Three days after the Court dismissed this action, Plaintiff filed an untimely motion for leave to file an amended complaint and for e-filing permission, which are legal nullities for the reasons stated in Defendant's Opposition to Plaintiff's Motions for Leave to File Amended Complaint Out of Time and for E-filing Permission (Dkt. No. 44; Defendants' Opposition).

Plaintiff then filed this Motion to Vacate with the Court on November 28, 2025,

seeking to set aside the Order (Dkt. No. 39) dismissing this action without prejudice. Plaintiff contends that this Order was entered as a result of "excusable neglect." (Motion to Vacate at 3 ¶ 6). Plaintiff offers a number of excuses for his failure to comply with the Court's Order, but, as addressed below, none of them establish excusable neglect or the extraordinary circumstances necessary to warrant vacating a final order.

In particular, Plaintiff contends that he had issues with PACER access, but admits that this was due to his own failure to pay the account fees. He contends that he could not access the docket without PACER access, but admits that he was able to do so by contacting the Clerk, which he concedes he did not do until 4:00 p.m. on October 30, 2025 and provides no explanation for why he did not do it earlier. He contends that he was unaware that he had to file an amended complaint, even though he received the Eleventh Circuit rulings on September 16, 2025, and its mandate on October 17, 2025 and knew that the "Eleventh Circuit remanded it precisely to permit amendment." (Motion to Vacate at 4). He also contends that he did not receive a copy of the October 17th order by mail before the October 31, 2025, deadline, but provides no proof as to when he did receive it. He asserts that he believed in "good faith" that he was able to file electronically, but this Court's March 4, 2024, order was clear that he was not and could not have believed in "good faith" that he was permitted to file electronically. He admits that he was aware of the deadline to file prior to its expiration and made no attempt to use one of the methods provided for filing because he contends that he lacked funds. Plaintiff contends that he mailed the amended

complaint on November 4, 2025, which he asserts was "as soon as possible after Plaintiff became aware he had missed a deadline," but Plaintiff was aware of the deadline on October 30, 2025, and took no action on that date to meet it or even mail the amended complaint. Plaintiff also alleges "procedural confusion," but the Court repeatedly has warned Plaintiff that he is required to comply with its orders and the Local Rules.

While Plaintiff offers a litany of excuses, they show his lack of diligence and not excusable neglect for failure to comply with the Court's Order. Moreover, as addressed below, there is no manifest injustice from the Court's Order as Plaintiff has failed to present an amended complaint that states a claim under the Rehabilitation Act of 1973. Plaintiff likewise failed to act when presented with an opportunity to prosecute his claims in state court.

For the reasons set forth below, this Motion must be denied.

## II. Plaintiff Bears the Burden of Satisfying the Standard for Obtaining Extraordinary Relief Under Rule 60(b)

A motion for reconsideration "is committed to the sound discretion of the trial court," and it is an extraordinary remedy to be used sparingly. Horowitch v. Diamond Aircraft Indus., Inc., No. 6:06-cv-1703-Orl-19KRS, 2009 U.S. Dist. LEXIS 46440, at *6 (M.D. Fla. June 1, 2009); see also Beeders v. Gulf Coast Collection Bureau, No. 8:09-cv-00458-T-17-EAJ, 2009 WL 3013502, at *1 (M.D. Fla. Sept. 16, 2009). The plaintiff bears the burden of establishing the exceptional circumstances for relief. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

Florida Rule of Civil Procedure 60(b) vests "the district courts with the power to vacate judgments whenever such action is appropriate to accomplish justice." Id. However, the Eleventh Circuit has warned that "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." Id.; see also Oakes v. Horizon Financial, S.A., 259 F. 3d 1315, 1319 (11th Cir. 2001).

It has been recognized that the court "will not amend a prior decision without a showing of 'clear and obvious error where the "interests of justice" demand correction.'" Beeders, 2009 WL 3013502, at *1. "[T]here must be a reason why a court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Horowitch, 2009 U.S. Dist. LEXIS 46440, at *6; see also Reyher v. The Equitable Life Assurance Soc'y of the U.S., 900 F. Supp. 428, 430-31 (M.D. Fla. 1995) (denying motion for reconsideration because movant failed to assert a proper ground).

The motion "should not be used to set forth new theories of law or to reiterate arguments previously made" or such arguments that could have been made earlier. Beeders, 2009 WL 3013502, at *1; Horowitch, 2009 WL 1537896, at **2-3; see also Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (concluding that a motion for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"); Z.K. Marine, 808 F. Supp. at 1563 ("A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.").

9

### III.    Plaintiff Has Failed to Establish Extraordinary Circumstances to Warrant Relief under Rule 60(b)(1)

As an initial matter, it is undisputed that, on September 16, 2025, the Eleventh Circuit affirmed the Court's dismissal of this action, but remanded only for the Court to provide Plaintiff with leave to amend his complaint. (Opinion (Dkt. No. 36) at 13). Plaintiff plainly understood this decision, which he received on September 16, 2025. (Motion to Vacate at 4 (stating "the Eleventh Circuit remanded it precisely to permit amendment")). Likewise, it is undisputed that the Court entered an order setting the deadline for the amendment as October 31, 2025. (Order (Dkt. No. 38)). Finally, it is undisputed that Plaintiff neither filed the amended complaint nor a motion to extend the deadline by October 31, 2025.

Therefore, as provided in the controlling precedent of <u>Auto. Alignment & Body Serv. v. State Farm Mut. Auto. Ins. Co.</u>, the Court's Order dismissing this action became a final judgment, and the Court lacks continuing jurisdiction over this action to grant further extensions. 953 F.3d 707, 720 (11th Cir. 2020) (holding that a district court is without jurisdiction to permit a late amendment unless the final judgment is first set aside). Plaintiff has failed to show that vacating the dismissal is necessary to accomplish justice.

#### A.    Plaintiff Excuses Show a Lack of Diligence, Not Excusable Neglect

Plaintiff asserts that the final judgment should be set aside based on excusable neglect under Rule 60(b)(1). Excusable neglect requires consideration of all of the relevant circumstances. <u>Chege v. Ga. Dep't of Juvenile Justice</u>, 787 F. App'x 595, 598

(11th Cir. 2019).

As the United States Supreme Court has recognized, the court considers a number of factors in determining whether there is excusable neglect, including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 598. Plaintiff cannot establish that these factors weigh in favor of granting relief from the judgment. Travelers Cas. & Sur. Co. of Am. v. Thorington Elec. & Constr. Co., No. 2:09-CV-37-WKW [WO], 2010 U.S. Dist. LEXIS 17737, at *6 (M.D. Ala. Mar. 1, 2010) (concluding that "the mere fact of 'negligent or inadvertent failure to meet a deadline' is not, without more, a basis for granting relief under Rule 60(b)(1). The moving party must demonstrate, through the factors articulated above, that the neglect was 'excusable.'"). Plaintiff simply does not present any extraordinary circumstances to warrant relief. Instead, he merely presents his lack of diligence, which does not establish excusable neglect. Blum v. Alachua County, No. 24-12404, 2025 U.S. App. LEXIS 27946, at *7 (11th Cir. Oct. 24, 2025) (affirming the denial of a motion to vacate under Rule 60(b) based on alleged computer or other problems that preventing Plaintiff from receiving the court's order); see also Bautista v. Midfirst Bank (In re Bautista), 235 B.R. 678, 682 (Bankr. M.D. Fla. 1999) (recognizing that "carelessness is not synonymous with excusable neglect").

As to the first and second factors, danger of prejudice to Defendant and the impact on the proceedings from the delay, these factors weigh in favor of finality and

denying this motion. Plaintiff merely cites his conclusion that Defendant has suffered "no prejudice" from his failure to comply with the Court's Order and "no impact" on the proceedings, but the facts do not support these conclusions. To the extent that this motion seeks to vacate the Court's order of October 17, 2025, six weeks elapsed between the entry of that order and this motion, which is prejudicial to Defendant. Travelers Cas. & Sur. Co. of Am., 2010 U.S. Dist. LEXIS 17737, at **6-7 (finding that a delay of seven weeks in filing a motion weighed heavily against granting relief from the judgment). Even counting the time between the dismissal order, which Plaintiff initially failed to acknowledge, and this motion, more than 3 weeks have elapsed, which was prejudicial to Defendant and the Court, especially given that Defendant had to brief an improperly filed motion to amend the complaint and, only after doing so, did Plaintiff then file this motion, causing further delay. This unnecessary briefing has further impacted the Court and the administration of justice by requiring further judicial resources to consider this matter resulting from Plaintiff's failure to follow a clear order setting a deadline for the amended complaint.

Moreover, the events at issue in this proposed amended complaint are now more than two years old. Plaintiff's failure to comply with a clear order of this Court setting the deadline to amend is prejudicial to Defendants as well as the administration of justice, especially in this case where many of the witnesses were college students. Thigpen v. Smith, 792 F.2d 1507, 1514 (11th Cir. 1986) ("Of course, evidence is, by its nature, fragile and susceptible to destruction over time, as memories fade and witnesses die or become otherwise unavailable."); see also Bautista, 235 B.R. at 683

12

("Under such circumstances, this Court has distinguished Pioneer to hold that the failure to take action in the face of a clear order from the Court directing action fails to constitute excusable neglect under Rule 60(b)").

The last two factors, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith, also weigh strongly in favor of finality and denying this motion.

Plaintiff offers list of excuses, but omits critical details and facts, which is insufficient to provide relief under Rule 60(b). Woods v. Sec'y, Dep't of Corr., No. 8:13-CV-728-T-30TGW, 2014 U.S. Dist. LEXIS 42175, at *5 (M.D. Fla. Mar. 28, 2014) (concluding that the movant's "vague and conclusory allegations of cause are insufficient to warrant relief under Rule 60(b)"). These excuses also show that the reason for the delay was within Plaintiff's control and he did not act in good faith.

First, Plaintiff contends that he did know about the Court's order because of issues he had with PACER access.[5] The issue of his access to PACER, however, was one of his own making because he did not pay the account fees. He also conveniently omits numerous facts, such as when it became "restricted," what notice Plaintiff

---

[5] Plaintiff also asserts that his statement ("I understand that I must regularly review the docket sheet of this case so that I do not miss a filing") only applied to the date that it was made in his Notice of Appeal (Dkt. No. 29) at 3. However, that is nonsensical for two reasons. First, it affirms that Plaintiff understood his obligation to keep apprised of the status of the case. It was not merely a representation that he had access to PACER on a particular date. Moreover, Plaintiff, once again, made the same representation (now under the penalty of perjury) in his Motion for E-filing Permissions (Dkt. No. 43) on November 6, 2025. Thus, Plaintiff asserts that this is an outdated representation is clearly not accurate. Instead, this is evidence that Plaintiff was fully aware of his obligation to review the docket to ensure that he did not miss any filings and his knowing failure to do so to meet the deadline to amend the complaint.

13

received of the restriction and when, or even the date he paid his outstanding balance and when his access was restored. While Plaintiff contends that he could not access the docket without PACER, that is plainly not accurate. The guide the Court directed Plaintiff to review at the onset of this case explains how the docket can be accessed, and Plaintiff admits that he received the information simply by contacting the Clerk's Office. He offers no explanation why he waited until October 30, 2025, at 4:00 p.m. to do so, especially when he received the Eleventh Circuit's order on September 16, 2025, the mandate on October 17, 2025, and he knew that the Eleventh Circuit remanded for the court to provide an opportunity for an amended complaint to be filed.[6] Blum v. Alachua Cnty., No. 24-12404, 2025 U.S. App. LEXIS 27946, at *7 (11th Cir. Oct. 24, 2025) (recognizing that a party has "'a duty of diligence to inquire about the status of his case'"); Trevino v. City of Fort Worth, 944 F.3d 567, 571-72 (5th Cir. 2019) (affirming denial of Rule 60(b) motion where movant claims court emails were diverted to spam filter); Yeschick v. Mineta, 675 F.3d 622, 629 (6th Cir. 2012) ("Now that electronic dockets are widely available, the burden imposed by this affirmative duty [to monitor the dockets] is minimal.")). Plaintiff simply failed to act with diligence, and his failure to meet the deadline was entirely within his control.

Next, he contends that he did not receive a copy of the Court's October 17th order by mail before the deadline, but provides no proof or explanation as to when he received it or the reason for the delay. Indeed, there is no evidence that this order was

---

[6] These facts further contradict Plaintiff's self-serving contention that he "had no reason to suspect that an order had been entered." (Motion at 2 ¶ 2).

returned to the Court.  Moreover, the Clerk of the Court has mailed Plaintiff other documents, including the Eleventh Circuit's opinion on September 16, 2025, and the mandate on October 17, 2025, but Plaintiff does not contend he failed to receive these documents, and he was fully aware that he was receiving these orders by mail.

Plaintiff contends that he believed in "good faith" that he was able to file electronically, but this Court's March 4, 2024, order was clear that he was not and could not have believed in "good faith" that he was permitted to file electronically. This restriction also was clearly set forth in the guide for unrepresented parties.  His purported attempts to file electronically are not evidence of diligence, especially when he knew that he could not do so.

Furthermore, Plaintiff admits that he had actual knowledge of the deadline on October 30, 2025, which was prior to its expiration.  But Plaintiff offers no explanation or evidence that he attempted to file the amended complaint or an extension motion by one of the many other methods that the Court provides for filing, including hand-delivery by Plaintiff or any other individual or by courier or private mail service on October 30th.  Plaintiff simply contends that he lacked funds to comply (Motion at 10), but a lack of funds is not excusable neglect.  Global Aero., Inc. v. Platinum Jet Mgmt., LLC, No. 09-60756-CIV-COHN-SELTZER, 2010 U.S. Dist. LEXIS 12700, at *13 (S.D. Fla. Jan. 28, 2010) ("'A party's lack of funds, however, does not justify a party's complete disregard of the rules of the court or its failure to notify the court of its predicament.'"); see also Cincinnati Specialty Underwriters Ins. Co. v. Urbano, 687 Fed. Appx. 778, 781 (10th Cir. 2017) (finding "no case in which a court found

excusable neglect based solely on a lack of funds").

Moreover, this excuse does not explain why he did not mail the amended complaint or motion for extension on October 30th – instead waiting until after the Court's dismissed the case, and then why he waited again until November 28, 2025, to file the Motion to Vacate.[7] These acts show that Plaintiff did not act with diligence. Instead, he knowingly allowed the deadline to amend to pass without any filing or even mailing any pleading to the Court. This conduct does not establish excusable neglect.

Finally, Plaintiff alleges "procedural confusion" as the justification for his delay. But the Court's Order was very clear. It also repeatedly has warned Plaintiff that he is required to comply with its orders and the Local Rules. It has provided him with resources that explain his obligations as well as repeatedly instruct him on how to file documents with the Court, including warning him that he is not permitted to file electronically (which also is expressly set forth in the Court's order). His claim of "procedural confusion" is not excusable neglect – instead, it is an attempt to conceal his lack of diligence and carelessness. See Miller v. Ohio Sec. Ins. Co., No. 24-30740, 2025 U.S. App. LEXIS 28479, at *7 (5th Cir. Oct. 30, 2025) (finding that a *pro se* plaintiff did not meet his burden of showing excusable neglect and noting "'[t]he right of self-representation does not exempt a party from compliance with relevant rules of

---

[7] Plaintiff contends that he filed the motion to amend "as soon as possible after he become aware he had missed the deadline," but that is not accurate. He was aware of the deadline on October 30, 2025, by his own admission. But chose not to act.

16

procedural and substantive law.'  Rather, a *pro se* litigant 'acquiesces in and subjects himself to the established rules of practice and procedure.'").

Courts have routinely found "an absence of excusable neglect in connection with the failure to timely file a complaint." Bautista, 235 B.R. at 682 (collecting cases). Plaintiff made the decision not to file a pleading or motion by the October 31st deadline, and now he wants to be relieved of the impact of that decision, which is not excusable neglect. Maradiaga v. United States, 679 F.3d 1286, 1294 (11th Cir. 2012) ("Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise."). Plaintiff does not present any unique or extraordinary circumstances to warrant vacating the Court's orders. Instead, if the Court were to vacate its orders, it would undermine the finality of its orders for an ordinary circumstance of carelessness, at best.

## B.    Plaintiff Failed to Show Manifest Injustice from the Court's Orders

Plaintiff cannot show that vacating the orders would serve the interests of justice. In addition to the facts set forth above, a review of Plaintiff's proposed amended complaint shows that it patently fails to state a claim under the Rehabilitation Act. Plaintiff also had an opportunity to litigate his claims in state court and failed to do so. All of this further supports the denial of the Motion to Vacate.

Plaintiff's proposed amended complaint fails to state a claim on many grounds. First, Plaintiff purports to bring claims of disparate treatment, retaliation, and denial of accommodation claims in one count, which is wholly improper. (Proposed Am. Compl. ¶¶ 53, 58, 64); see also Hausberg v. Wilkie, No. 8:20-cv-2300-TPB-JSS, 2021

U.S. Dist. LEXIS 171918, at *5 (M.D. Fla. Sep. 10, 2021); Eyth v. Spectrum Charter Commc'ns, Inc., No. 8:23-cv-1878-CEH-TGW, 2023 U.S. Dist. LEXIS 154640, at *3-4 (M.D. Fla. Aug. 31, 2023); Williams v. Perry Slingsby Sys., No. 08-81076-HURLEY/HOPKINS, 2008 U.S. Dist. LEXIS 131497, at *4 (S.D. Fla. Oct. 15, 2008).

Next, Plaintiff fails to plead facts to support the conclusion that he has a disability, which is fatal to his claim. Karantsalis v. City of Miami Springs, 17 F.4th 1316, 1322 (11th Cir. 2021). Plaintiff does not even identify his purported disabling condition, nor does he plead facts that relate to the nature of his alleged disability or the degree of limitation he experiences due to his alleged disability, which is fatal to his claim. See Ferguson v. Ivey, No. 6:19-cv-1264-Orl-37LRH, 2020 U.S. Dist. LEXIS 269037, at *12 (M.D. Fla. Mar. 26, 2020) (dismissing complaint for failure to allege sufficient facts relating to the nature and duration of an alleged disability); see also 34 C.F.R. § 104.3(j)(1).

Plaintiff also failed to plead facts to show that he requested a reasonable accommodation or that it was necessary to afford equal opportunity. Rood v. Town of Fort Myers Beach, 622 F. Supp. 3d 1217, 1226, 1233 (M.D. Fla. 2022). Plaintiff does not plead facts to show that Defendants failed to accommodate him or that his requested accommodation (allowing the cat to roam or be unrestrained) was reasonable. USF provided Plaintiff a waiver of its policy regarding animals on campus, and allowed Plaintiff's cat according to the rules provided in the agreement. (Am. Compl. Exs. B & E). He was required to restrain his cat, and he admits and

provides photograph evidence that he failed to do so.  (Am. Compl. Exs. H & K).

Plaintiff pleads no facts to show that an unrestrained cat was necessary or a reasonable accommodation.  (Am. Compl. ¶ 80); see also Ali v. Louisville Metro Hous. Auth., No. 3:22-CV-463-CHB, 2023 U.S. Dist. LEXIS 122361, at *25 (W.D. Ky. July 17, 2023) (finding a plaintiff's request to keep his dog off-leash unreasonable given that it would be a violation of local ordinances and his agreements with the local housing authority); see also Frechtman v. Olive Executive Townhomes Homeowner's Ass'n, No. CV 07-2888 DSF (JTLx), 2007 U.S. Dist. LEXIS 81125, at *9-10 (C.D. Cal. Sep. 24, 2007) (finding that plaintiff may have an emotional support animal but must keep the dog on a leash when outside his unit).[8]

Furthermore, while Plaintiff now attempts to plead a claim for damages under the Rehabilitation Act, he has failed to plead facts to show deliberate indifference to support such a claim.  Silberman v. Miami Dade Transit, 927 F.3d 1123, 1134 (11th Cir. 2019) (quoting Silva v. Baptist Health S. Fla., Inc., 856 F.3d 824, 831 (11th Cir. 2017)).  Indeed, USF granted Plaintiff an accommodation to have an emotional support animal, but the animal had to be restrained.  (Am. Compl. Exs. B & E).  These facts do not show deliberate indifference, and Plaintiff cannot state a claim under the Rehabilitation Act.

---

[8] Plaintiff's proposed amended complaint also cites to, incorporates, and relies on the Johnson Declaration (Am. Compl. ¶ 81), which shows that Plaintiff repeatedly asserted to his fellow students and others that he needed to let the cat out of the room for the comfort of the cat, not so he could access a common area, which further establishes that he cannot state a claim under Section 504 of the Rehabilitation Act. (See Johnson Declaration (Dkt. No. 17), Ex. 6, 7, 13; Ex. C).

Finally, Plaintiff had an opportunity to litigate his claims in state court. (Response Ex. D). However, Plaintiff failed to prosecute the claims. The state court required Plaintiff to set forth good cause as to why the case should not be dismissed and to appear at a hearing. (Response Ex. A). Plaintiff failed to comply with this Order (Response Ex. B), and the case was dismissed (Response Ex. C). This is yet another instance where Plaintiff had the opportunity to comply with an order of the court and simply chose not to act.

Thus, there is no injustice, let alone manifest injustice, from the Court's dismissal order to support reopening the judgment or disrupting the finality of this Court's orders.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that Plaintiff's Rule 60(b)(1) Motion (Dkt. No. 46) be denied.

Dated this 12th day of December, 2025.

Respectfully submitted,

*s/Sacha Dyson*
SACHA DYSON
Florida Bar No. 509191
sdyson@bgrhlaw.com
*Lead Counsel*
JORDAN V. GETCHELL
Florida Bar No. 1070185
jgetchell@bgrhlaw.com
BUSH GRAZIANO RICE & HEARING, P.A.
100 S. Ashley Drive, Suite 1400
Tampa, Florida 33602
(813) 228-7000 (telephone)
(813) 273-0091 (facsimile)

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this <u>12th</u> day of December, 2025, I electronically

filed the foregoing with the Clerk of the Court by using the CM/ECF system.  A copy

of the foregoing also was served via electronic mail and U.S. mail to the following:

    Daniel A. Frishberg
    284 Monroe Drive
    Mountain View, CA 94040
    Email: dannyfrishberg@gmail.com
    PRO SE PLAINTIFF

                        *s/ Sacha Dyson*
                        Attorney