# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Daniel A. Frishberg, ) | |
| Plaintiff, ) | |
| v. ) | Case Number: 8:24-cv-00022-TPB-NHA |
| ) | |
| University Of South Florida's Board Of Trustees, ) | |
| HRSE-Capstone Tampa, LLC, ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RULE 60(b) MOTION

Daniel A. Frishberg, the Plaintiff in the above captioned case hereby respectfully files his *Motion For Leave to File A Supplemental Memorandum In Support Of Rule 60(b) Motion*.

Plaintiff would like to note that as of the time of this filing (approximately 3pm EST) the Court has not yet ruled on the pending Motion. Good cause exists for this limited request. The proposed supplement would address narrow, post-filing developments bearing on the equitable consequences of denying relief.

Specifically, the supplement would address:

1. **Limited Timing Development.**

The Memorandum will inform the Court that, during the pendency of the Rule 60(b) motion, the passage of time has rendered an unsettled statute-of-limitations question potentially outcome-determinative in light of Florida's 2023 tort-reform legislation (HB 837). **Plaintiff does not ask the Court to decide the statute-of-limitations issue in resolving the Rule 60(b) motion,** but seeks only to inform the Court of the equitable consequences that may now follow from denial of relief. This would prevent a trial on the merits.

2. **Equity and Excusable Neglect.**

The memorandum will be brief, and will provide high-level context relevant to the excusable-neglect and equitable considerations under Rule 60(b), without rearguing the merits of the original motion.

The proposed supplemental memorandum will not exceed three (3) pages and will be filed only if leave is granted. Granting leave will not prejudice Defendants and will assist the Court in resolving the pending motion with full awareness of current procedural circumstances. Because the limitations period for the underlying claims has arguably compressed while this motion was pending, the

denial of relief would no longer just be a procedural setback—it would be a terminal blow to Plaintiff's ability to seek redress under the Rehabilitation Act.

**WHEREFORE**, Plaintiff respectfully requests leave to file a short supplemental memorandum in support of the pending Rule 60(b) motion.

/s/<u>Daniel A. Frishberg</u>

Daniel Frishberg, *Pro Se*

February 11, 2025,

Hillsborough County, Florida

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), Plaintiff certifies that Plaintiff conferred in good faith with counsel for Defendants regarding this motion via email on 02/11/2026 As of the time of filing, counsel for Defendants has responded by not stated a position.

Respectfully submitted,

/s/*Daniel A. Frishberg*

Daniel Frishberg, *Pro Se*

February 11, 2026,

Hillsborough County, Florida

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via email on February 11, 2026, to the Defendants counsel via email.

/s/*Daniel A. Frishberg*

Daniel Frishberg, *Pro Se*

February 11, 2026,

Hillsborough County, Florida