UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIEL A. FRISHBERG,**

      **Plaintiff,**

vs.                                               Case No.: 8:24-cv-22-TPB-NHA

**UNIVERSITY OF SOUTH**
**FLORIDA BOARD OF TRUSTEES,**
**HRSE-CAPSTONE TAMPA, LLC**

      **Defendants.**

_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM**

Defendants, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES and HRSE-CAPSTONE TAMPA, LLC ("Defendants"), submit their opposition to Plaintiff's Motion for Leave to File a Supplemental Memorandum in Support of Rule 60(b) Motion (Dkt. No. 57; Motion for Leave).

Plaintiff purports to seek leave to file another memorandum in support of his Rule 60(b)(1) Motion (Dkt. No. 46; Motion to Vacate), filed on November 28, 2025. Plaintiff contends that there are "post-filing developments bearing on the equitable consequences of denying relief." (Motion for Leave at 1). Plaintiff, however, does not identify any development after November 28, 2025, nor any development that would bear on the "equitable consequences." (Id. at 1-3).

First, Plaintiff contends that "the passage of time has rendered unsettled statute-of-limitations question potentially outcome-determinative in light of Florida's 2023

tort-form legislation (HB 837)." (Motion for Leave at 2). Notably, Plaintiff does not identify any authority to support this statement nor what the "unsettled statute-of-limitations question" is or how this has arisen since November 28, 2025. (Id.). He does not even identify what "passage of time" is being referenced in this paragraph. (Id.). Plaintiff has not and cannot bring any claim under state law in this Court. (See Order Granting Defendants' Motion to Dismiss (Dkt. No. 27)). Furthermore, the bill referenced in this paragraph became a law on March 27, 2023, which was nearly a year before this lawsuit was filed. (Ch. 2023-15, Fla. Laws). Plaintiff certainly had an opportunity to address this change in the state law to the extent that it would have any impact on his Motion to Vacate.

Even if Plaintiff is suggesting that there is now a statute of limitations bar to filing another lawsuit under the Rehabilitation Act, that is consequence of his own making. The Court dismissed this case on November 3, 2025, without prejudice. Instead of filing a new action, Plaintiff elected to try to continue to litigate this case and filed a motion to vacate. To the extent that Plaintiff is now asserting that his strategic decision not to file another action has a consequence, that is not a basis for this Court to vacate its ruling. Maradiaga v. United States, 679 F.3d 1286, 1294 (11th Cir. 2012); see also Sheets v. Woelk, No. 2:25-cv-578-SPC-NPM, 2026 U.S. Dist. LEXIS 9638, at *3 (M.D. Fla. Jan. 20, 2026) (concluding that an intentional decision is not a basis for relief under Rule 60(b)).

Moreover, for the reasons addressed in Defendant's Opposition to Plaintiff's Rule 60(b)(1) Motion (Dkt. No. 51; Opposition), the alleged statute of limitation issue

2

is of no moment. Even if the Court were to consider the amended complaint that Plaintiff belatedly filed, it does not state a claim, as a matter of law, under the Rehabilitation Act. (Opposition at 17-19). Thus, the statute of limitations issue would not need to be reached to conclude Plaintiff, after being presented with an opportunity to amend, failed to state a claim, and thus, his action has been properly dismissed. (Id.).

Plaintiff further asserts that the memorandum "will provide high-level context relevant to the excusable-neglect and equitable considerations under Rule 60(b)." (Motion for Leave at 2). This statement does not make any sense, and does not provide any information or basis for which this Court should allow additional briefing. He does not identify the "high-level context" or what that term even means as it relates to his motion.

Moreover, as explained in the Opposition, Plaintiff failed to establish excusable neglect to warrant vacating the Court's dismissal. (Opposition at 10-17). The lack of excusable neglect is further supported by Plaintiff's admission at the hearing before this Court on December 17, 2025. Plaintiff admitted that he has been located in Tampa since prior to this Eleventh Circuit's ruling. However, in seeking relief in this Court, he failed to disclose that he is and has been located in Tampa and instead suggested that he was located at the California address on the docket. (See Mailing Envelope (Dkt. No. 42-1); Mailing Envelope (Dkt. No. 43-1); Plaintiff's Motion for Leave to File a Reply to Defendant's Response (Dkt. No. 45)). As a result, Plaintiff's excuse of "mail delays" is one of his own making because he has failed to update his

address with the Court. He was located in Tampa and could have met the Court's deadline, which does not provide a basis to disrupt the finality of the Court's dismissal order.

In conclusion, Plaintiff's purported justification for the relief sought in the Motion for Leave simply does not make sense, does not identify a basis for granting additional briefing on an issue that has been fully briefed, and does not support the relief requested in the Motion to Vacate.

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for Leave and Motion to Vacate be denied.

Dated this 27th day of February, 2026.

Respectfully submitted,

*s/Sacha Dyson*
SACHA DYSON
Florida Bar No. 509191
sdyson@bgrhlaw.com
*Lead Counsel*
JORDAN V. GETCHELL
Florida Bar No. 1070185
jgetchell@bgrhlaw.com
BUSH GRAZIANO RICE & HEARING, P.A.
100 S. Ashley Drive, Suite 1400
Tampa, Florida 33602
(813) 228-7000 (telephone)
(813) 273-0091 (facsimile)
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this <u>27th</u> day of February, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A copy of the foregoing also was served via electronic mail and U.S. mail to the following:

Daniel A. Frishberg
3400 E. Fletcher Avenue
Apartment 122A
Tampa, FL 33613
Email: dannyfrishberg@gmail.com
PRO SE PLAINTIFF

*s/Sacha Dyson*
Attorney
