**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DANIEL A. FRISHBERG,

     Plaintiff,

v.                                                                                  Case No.  8:24-cv-22-TPB-NHA

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

     Defendants.

_____/

**ORDER DENYING "PLAINTIFF'S RULE 60B(1) MOTION"**

This matter is before the Court on "Plaintiff's Rule 60b(1) Motion," filed *pro se* on November 28, 2025.  (Doc.  46).  On December 12, 2026, Defendants University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC filed a response in opposition.  (Doc. 51).  After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background[1]**

Plaintiff Daniel A Frishberg, a student at the University of South Florida ("USF"), owns a cat which he alleges he uses as an emotional support animal.  USF initially recognized the cat as an emotional support animal and allowed Plaintiff to have the cat in his dorm building.  USF's policies, however, precluded Plaintiff from

---

[1] The Court accepts as true the facts alleged in Plaintiff's amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

taking the cat out of his room. While Plaintiff's filings do not set forth a clear timeline of events, it appears that after Plaintiff allowed the cat outside of his room and into common areas of the dorm, USF required that Plaintiff pay a fee and take educational courses on civility as a sanction for his violation of the rules. When Plaintiff failed to comply and failed to comply with a directive to remove the animal, Defendants terminated Plaintiff's lease for the room, changed the lock system so that Plaintiff no longer had access to the room, and removed his personal belongings. Plaintiff alleges that there is no comparable, adequate housing available for him.

Plaintiff contends that Defendants' refusal to accommodate his request to have his emotional support animal outside of his room and other actions – including their imposition of sanctions, termination of his rental agreement, and locking him out of his room – constitute discrimination and retaliation in violation of the federal Fair Housing Act ("FHA"), as well as breaches of Defendants' duties under other statutes and common law principles.

On November 28, 2023, Plaintiff filed suit in small claims court in Hillsborough County making essentially the same allegations presented in this case. On December 19, 2023, Plaintiff filed an amended complaint in that case and a motion seeking essentially the same injunctive relief sought in this case. The defendants in that case moved to strike the complaint and motion, arguing that the amended complaint was improperly filed without leave of court and that Plaintiff's claims could not properly be brought in small claims court.

On January 3, 2024, Plaintiff brought this suit.  In his complaint, he alleged several claims for relief under the FHA, the Florida Fair Housing Act ("FFHA"), the Americans with Disabilities Act ("ADA"), and breach of contract related to the housing agreement.

The Court dismissed Plaintiff's complaint (Doc. 27).  Plaintiff appealed, and the Eleventh Circuit Court of Appeals affirmed in part and reversed in part.  Specifically, the Eleventh Circuit affirmed the Court's dismissal of each of the counts, but it reversed with directions to permit Plaintiff to file a claim pursuant to the Rehabilitation Act.  (Doc. 36).  The mandate was issued on October 17, 2025.  (Doc. 37).  On the same day, the Court reopened the case and directed Plaintiff to file his amended complaint on or before October 31, 2025.  (Doc. 38).

Plaintiff did not do so.  Consequently, on November 3, 2025, the Court dismissed the case for lack of prosecution.  (Doc. 39).

On November 6, 2025, Plaintiff filed a motion for leave to file an amended complaint, attaching a copy of his proposed amended complaint.  (Doc. 41).  Then, on November 28, 2025, Plaintiff filed the instant motion seeking relief under Rule 60(b)(1).  (Doc. 46).  The Court denied the motion for leave to file an amended complaint (Doc. 54), but it considers the Rule 60 motion here.

## Analysis

Under Rule 60(b)(1), a court may relieve a party from a final judgment or order based on mistake, inadvertence, surprise, or excusable neglect.  Excusable neglect is "an equitable inquiry" based on "all relevant circumstances," *Grant v.*

*Pottinger-Gibson*, 725 F. App'x 772, 775 (11th Cir. 2018), and "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence," *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). This includes "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 394.

Considering the *Pioneer* factors, Plaintiff has failed to show that he acted in good faith. Moreover, it is clear from the timeline and Plaintiff's own motion that the delay was within the reasonable control of Plaintiff. Here, Plaintiff claims that he did not learn of the Court's Order directing an amended complaint until approximately 4:00 pm on October 30, 2025 – around twenty-four hours before the filing deadline – due to PACER access issues.[2] He attempts to assert that these access issues, *which he admittedly caused himself due to an outstanding balance*, constitute excusable neglect. They do not. He also attempts to claim that he believed that he would be able to submit documents electronically, but again, this does not constitute excusable neglect, particularly since the Court had previously denied his requests for electronic filing privileges.

---

[2] Plaintiff does not identify any attempts he made to access the PACER docket without success during the relevant time period, nor does he explain how and when he resolved the PACER access issue. He also acknowledges that he learned of the deadline by contacting the Middle District of Clerk's Office, making it clear that this was a viable option the entire time.

Even though Plaintiff alleges that he learned of the deadline for the first time on October 30th, it was not until after the Court entered its dismissal order on November 3rd that Plaintiff even attempted to file any request for an extension of time or an amended complaint. The fact is that Plaintiff knew – as early as September 16, 2025 – that he would be permitted to file an amended complaint, and he knew that the mandate issued on October 17, 2025. He does not explain any attempts to monitor his case after October 17, 2025. He simply did not exercise diligence by failing to adhere by the October 31st deadline.

The Court also considers heavily the danger of prejudice to Defendant. Plaintiff fails to establish that this factor weighs in his favor, particularly where this case was filed in 2024. What otherwise may be a marginal delay is significant, as Defendants explain in their response.

A motion for reconsideration is an extraordinary remedy to be used sparingly, and the plaintiff bears the burden of establishing exceptional circumstances for relief. *See Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Although Federal Rule of Civil Procedure 60(b) vests "district courts with the power to vacate judgments whenever such action is appropriate," the Eleventh Circuit has further warned that "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." *Id.*; *see also Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001). Plaintiff's lack of diligence does not constitute an extraordinary circumstance that would warrant vacating the Court's dismissal and reopening this case.

Even if the Court were inclined to find that there was some excusable neglect due to Plaintiff's *pro se* status – despite the Court's numerous warnings to Plaintiff about the dangers of proceeding *pro se* and the importance of adhering to Court rules and deadlines – the proposed amended complaint does not state a claim for relief under the Rehabilitation Act, rendering the proposed amended complaint futile.[3]

As an initial matter, Plaintiff appears to combine claims for disability discrimination, disparate treatment, failure to accommodate, and retaliation. This constitutes a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

> (1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;
>
> (2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete

---

[3] The Court notes that it is not clear whether a claim involving an emotional support animal is cognizable under the Rehabilitation Act. Some courts have concluded that an emotional support animal is not protected under the Rehabilitation Act. *See Roberts v. Gettle*, No. 1:23-cv-790, 2023 WL 12097113, at *3-4 (M.D. Pa. Oct. 17, 2023), *report and recommendation adopted*, 2023 WL 12097112 (M.D. Pa. Dec. 1, 2023), *aff'd*, 2025 WL 1719961 (3d Cir. June 20, 2025). It does not appear that the Eleventh Circuit has directly addressed this issue. Even if such a claim were cognizable, however, the Court ultimately concludes that Plaintiff has failed to present a facially sufficient claim in his proposed amended complaint for the reasons set forth in this Order.

with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3)   complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4)   complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).  The improper mixing of claims makes it impossible for Defendant to adequately respond and for the Court to adjudicate any claim.

Plaintiff fares no better when it comes to the elements of potential claims. Section 504 of the Rehabilitation Act prohibits discrimination based on disability.[4] 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . .").  To establish a prima facie case in the context of the Rehabilitation Act, a plaintiff must demonstrate that (1) he is a qualified individual (2) excluded from participating in a public entity's services, programs, or activities

---

[4] Given the textual similarities of § 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act, the Eleventh Circuit relies on cases construing § 504 and the ADA interchangeably.  *Lewis v. Sheriff, Fulton County Georgia*, 166 F.4th 107, 114 (11th Cir. 2026); *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).

(3) because of his disability.[5]  *See Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).

The Rehabilitation Act imposes an affirmative obligation to make reasonable accommodations for disabled individuals.  But the Rehabilitation Act does not require a defendant to speculate about accommodation needs – rather, to trigger a duty to provide a reasonable accommodation, a plaintiff must (1) make a specific demand for accommodation and (2) demonstrate that such accommodation is reasonable.  *Owens v. Governor's Office of Student Achievement*, 52 F.4th 1327, 1334 (11th Cir. 2022) (citations omitted); *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999) (noting that under the Rehabilitation Act, "the duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made").

Plaintiff does not identify his disability.  He fails to clearly identify any specific formal or informal demand for accommodation that he made, making the proposed amended complaint insufficient and requiring the Court to muddle through confusing and sometimes contradictory allegations.  A few things remain clear, though.  Plaintiff's initial request for an accommodation to have an emotional support cat in his dormitory was approved – this request therefore cannot provide a basis for a discrimination claim or a failure to accommodate claim.[6]  It does not

---

[5] Although not part of a prima facie case, the Court notes that a plaintiff must also prove intentional discrimination to recover compensatory damages under the Rehabilitation Act. *See Lewis*, 166 F.4th at 114 (citing *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 345 (11th Cir. 2012)).

[6] The housing policy at issue provides that assistance animals are permitted on campus with approval from the Office of Housing and Residential Education, and that the animals

appear that Plaintiff made any specific formal or informal demands for an accommodation that would allow his cat to roam freely throughout the common areas of the dormitory without an animal carrier or leash, either in or out of Plaintiff's presence. Even if he had, such demands would not be reasonable in light of the housing policy.[7] Plaintiff also fails to articulate how he has a "disability-related need" for his emotional support cat to be permitted in the common areas without a leash or carrier, therefore failing to show that the requested accommodation is reasonable or necessary.

Moreover, Plaintiff was not removed from student housing due to a disability or based on his request for the accommodation of allowing him to possess an emotional support animal. After all, Defendants approved his initial accommodation request for the emotional support cat, even if they imposed limitations and restrictions that Plaintiff did not want to abide by. The termination

---

must be contained within the private residential area (room, suite, and/or apartment) at all times except when transported outside the private residential area in an animal carrier or controlled by leash or harness.

[7] A person is entitled only to a reasonable accommodation and not necessarily the accommodation of his choice. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285-1286 (11th Cir. 1997). In addition, for an accommodation to be reasonable, the accommodation must be related to the person's disability. *Allen v. Interior Const. Servs., Ltd.*, 214 F.3d 978, 982 (8th Cir. 2000). An accommodation for the cat to roam freely without Plaintiff being present would not qualify as a reasonable accommodation because such an accommodation would likely not be related to Plaintiff's disability. In addition, such an accommodation would not be reasonable as it would unduly interfere with the routine activities of the residence or cause difficulties for students who reside there (including students with allergies and who are afraid of animals), as Plaintiff expressly acknowledged when he signed the housing policy stating these concerns. An accommodation for the cat to be permitted in common areas in a carrier or a leash was already approved through the housing policy that Plaintiff agreed to, although Plaintiff does not specify that he ever requested such an accommodation.

of the housing policy and Plaintiff's removal from student housing was based on his refusal to attend a civility workshop and pay a nominal fine of $25.

Pursuant to the Eleventh Circuit's mandate, the Court gave Plaintiff the opportunity to file an amended complaint. He failed to do so by the deadline. He has failed to demonstrate entitlement to relief under Rule 60(b)(1) by failing to show excusable neglect. In addition, his proposed amended complaint remains insufficient and would therefore be futile. Consequently, "Plaintiff's Rule 60b(1) Motion" is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Rule 60b(1) Motion" (Doc. 46) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of March, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE